# FILED UNDER SEAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>*Plaintiff*,<br><br>v.<br><br>**INHANCE TECHNOLOGIES LLC,**<br><br>*Defendant.* | Civ. No. _____ |

## COMPLAINT

Plaintiff, the United States of America (the "United States"), by the authority of the Attorney General and through the undersigned attorneys, and at the request of the Administrator of the United States Environmental Protection Agency (the "EPA"), files this Complaint and alleges as follows:

## NATURE OF THE ACTION

1.      This is a civil action brought pursuant to Section 17(a) of the Toxic Substances Control Act ("TSCA"), 15 U.S.C. § 2616(a), and the Declaratory Judgment Act, 28 U.S.C. § 2201, to obtain declaratory and injunctive relief against Inhance Technologies LLC (the "Defendant" or "Inhance").

2.      The Defendant has and continues to produce multiple per- and polyfluoroalkyl substances ("PFAS") substances in violation of TSCA and its implementing regulations.

3.      PFAS are a category of man-made substances commonly known as "forever chemicals" because of their persistence in the environment.  Scientific studies have linked exposure to PFAS with a range of adverse health impacts on humans and animals and harm to the environment.

4.     The Defendant's pertinent act or omissions violate Sections 5, 15, and 17 of

TSCA, 15 U.S.C. §§ 2604, 2614, and 2616, respectively, and Part 721 of the regulations

implementing TSCA, specifically, 40 C.F.R. §§ 721.25 and 721.35.

5.     The Defendant has and continues to violate the statutory and regulatory

provisions referenced in paragraph 4 by engaging in ongoing "significant new uses" of

multiple PFAS that are subject to the Long-Chain Perfluoroalkyl Carboxylate and

Perfluoroalkyl Sulfonate Chemical Substances Significant New Use Rule ("Long-Chain PFAS

Rule"), 40 C.F.R. § 721.10536, promulgated by the EPA, without complying with the

applicable statutory and regulatory process for engaging in such significant new uses.

6.     Under Section 5(a)(1) of TSCA, 15 U.S.C. § 2604(a)(1), no person may

manufacture or process a chemical substance for a significant new use unless (1) that person

submits a Significant New Use Notice ("New Use Notice") to the EPA; (2) the EPA reviews

that notice; and (3) the EPA makes a determination on that use under Section 5(a)(3) of TSCA,

15 U.S.C. § 2604(a)(3).  Title 40 C.F.R. § 721.25 prescribes similar requirements for any

person seeking to engage in a significant new use of a chemical substance.

7.     Under Section 15 of TSCA, 15 U.S.C. § 2614, it is a prohibited act to fail or

refuse to comply with any requirement of TSCA or any rule promulgated under TSCA.  Under

40 C.F.R. § 721.35, it is a violation of Section 15 of TSCA to fail to comply with any provision

of Title 40, Part 721 of the regulations implementing TSCA.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over the subject matter of this action

pursuant to Section 17(a) of TSCA, 15 U.S.C. § 2616(a), and 28 U.S.C. §§ 1331 and 1345.

9.     Venue is proper in this judicial district pursuant to Section 17(a) of TSCA,

15 U.S.C. § 2616(a), and 28 U.S.C. §§ 1391(b).  An act, omission, or transaction constituting a

violation of Section 15 of TSCA, 15 U.S.C. § 2614, has occurred or the Defendant is found or transacts business in this judicial district.

## PARTIES

10.    The Plaintiff is the United States of America, acting at the request of the EPA, an agency of the United States.

11.    The Defendant is a limited liability company formed in the State of Delaware and doing business in multiple locations, including in Allentown, Pennsylvania; Forest Park, Georgia; Homerville, Georgia; Centerville, Iowa; Mt. Pleasant, Iowa; West Chicago, Illinois; Columbus, Ohio; Houston, Texas; St. Louis, Missouri; Yuma, Arizona; and Troy, Alabama.

12.    The Defendant is a "person," as defined under 40 C.F.R. § 720.3(x), subject to the requirements of TSCA. 15 U.S.C. § 2601, *et seq.*

## RELEVANT STATUTORY AND REGULATORY FRAMEWORK

13.    TSCA establishes a scheme designed, among other things, to provide the EPA with the authority "to regulate chemical substances and mixtures that present an unreasonable risk of injury to health or the environment." 15 U.S.C. § 2601(b)(2).

14.    Pursuant to Section 5(a)(2) of TSCA, 15 U.S.C. § 2604(a)(2), the EPA is authorized to promulgate significant new use rules. Once the EPA determines in a significant new use rule that the manufacturing or processing of a chemical substance for a use constitutes "a significant new use" under TSCA, a manufacturer or processor must submit to EPA a New Use Notice for EPA review before manufacturing or processing the substance for that use.  15 U.S.C. § 2604(a)(1).

15.    Pursuant to Section 5(a) of TSCA, 15 U.S.C. § 2604(a), no person may manufacture or process any chemical substance for a use which the EPA has determined is a significant new use under Section 5(a)(2) of TSCA, 15 U.S.C. § 2604(a)(2), unless (1) the person

submits to the EPA, at least 90 days before such manufacture or processing, a New Use Notice, as required by Section 5(a)(1)(B), 15 U.S.C. § 2604(a)(1)(B), and 40 C.F.R. § 721.25, of such person's intention to manufacture or process such substance; (2) such person complies with any applicable requirement imposed by Sections 5(b), (e), or (f) of TSCA, 15 U.S.C. §§ 2604(b), (e), or (f); (3) the EPA conducts a review of the notice; (4) the EPA makes a determination in accordance with Section 5(a)(3) of TSCA, 15 U.S.C. § 2604(a)(3); and (5) the EPA takes the actions required in association with that determination.

16.     Under 40 C.F.R. § 721.25, each person who is required to submit a significant new use notice under Part 721 must submit the notice at least 90 calendar days before commencing manufacture or processing of a chemical substance identified for a significant new use.  The submitter must comply with any applicable requirement of Section 5(b) of TSCA, 15 U.S.C. § 2604(b), and the notice must include the information and test data specified in Section 5(d)(1) of TSCA, 15 U.S.C. § 2604(d)(1).

17.     Following the submission to the EPA of a New Use Notice, the EPA is required to review the New Use Notice to determine whether the relevant chemical substance or significant new use presents or may present an unreasonable risk of injury to health or the environment, without consideration of costs or other non-risk factors, including an unreasonable risk to a potentially exposed or susceptible subpopulation.  Section 5(a)(3) of TSCA, 15 U.S.C. § 2604(a)(3).

18.     If the EPA reviews the New Use Notice and determines that (A) the information available is insufficient to permit a reasoned evaluation of the health and environmental effects of a chemical substance with respect to which a notice is required, or (B) in the absence of sufficient information to permit the EPA to perform such an evaluation, the manufacture,

processing distribution in commerce, use, or disposal of such substance, may present an

unreasonable risk of injury to health or the environment, without consideration of costs or other

non-risk factors, or (C) such substance is or will be produced in substantial quantities, and such

substance either enters or may reasonably be anticipated to enter the environment in substantial

quantities or there is or may be significant or substantial human exposure to the substance, then

the EPA must issue an order to prohibit or limit the manufacture, processing, or distribution in

commerce of such substance to the extent necessary to protect against an unreasonable risk of

injury to health or the environment, without consideration of costs or other non-risk factors,

Section 5(e) of TSCA. 15 U.S.C. § 2604(e).

19.    If the EPA determines that a chemical substance or significant new use with

respect to which notice is required presents an unreasonable risk of injury to health or the

environment, without consideration of costs or other non-risk factors, the EPA must take actions

to the extent necessary to protect against such risk, including issuing a rule or order to prohibit or

limit the manufacture, processing, or distribution in commerce of such substance. Section 5(f) of

TSCA, 15 U.S.C. § 2604(f).

20.    The EPA has promulgated a number of significant new use rules.  *See generally*

40 C.F.R. § 721, subpart (E).  These rules specify the types of uses of particular substances that

qualify as "significant new uses" of those substances.  *See generally* 40 C.F.R. § 721, subpart

(E).   Among the significant new use rules promulgated by the EPA is the Long-Chain PFAS

Rule at 40 C.F.R. § 721.10536.

21.    The term "PFAS" refers to both perfluoroalkyl substances, which are man-made

chemicals where all the carbon atoms are fully fluorinated, and polyfluoroalkyl substances,

which are man-made chemicals that contain a mix of fully fluorinated carbon atoms, partially

fluorinated carbon atoms, and non-fluorinated carbon atoms.

22.     The Long-Chain PFAS Rule covers a wide-range of long-chain PFAS, including

perfluorooctanoic acid ("PFOA"), perfluorononanoic acid ("PFNA"), perfluorodecanoic acid

("PFDA"), and perfluorondecanoic acid ("PFuDA").

23.     The Long-Chain PFAS Rule specifies the uses of PFAS subject to the rule that

constitute significant new uses of these PFAS.  For example, one significant new use is

"[m]anufacture (including import) or processing for any use" of certain PFAS listed in the rule.

40 C.F.R. § 721.10536(b)(4)(iii).

24.     Under the Long-Chain PFAS Rule, Inhance's past and continuing manufacturing

of PFAS subject to that rule, including the PFAS listed in paragraph 22, is a significant new use

of these chemical substances because it constitutes the "[m]anufacture (including import) or

processing for any use" and the "[m]anufacture (including import) or processing for any use

other than the use already covered by paragraph (b)(4)(i)" of the Long-Chain PFAS Rule.  40

C.F.R. § 721.10536(b)(4)(iii)-(iv).

25.     It is unlawful for any person to: (1) fail or refuse to comply with any requirement

of TSCA or any rule promulgated, order issued, or consent agreement entered into under TSCA;

(2) use for commercial purposes a chemical substance which such person knew or had reason to

know was manufactured or processed in violation of Section 5 of TSCA, 15 U.S.C. § 2604; or

(3) fail or refuse to submit notices as required by TSCA or any rule promulgated under the

statute.  Section 15 of TSCA, 15 U.S.C. § 2614.

26.     Under 40 C.F.R. § 721.35, the failure to comply with any provision of Part 721

(Significant New Uses of Chemical Substances) is a violation of Section 15(1) of TSCA, 15

U.S.C. § 2614(1).  Using a chemical substance for commercial purposes that a person knew or had reason to know was manufactured or processed in violation of Part 721 also is a violation of Section 15(2) of TSCA, 15 U.S.C. § 2614(2).

27.     Pursuant to Section 17(a)(1), 15 U.S.C. § 2616(a) of TSCA, the district courts of the United States have jurisdiction over civil actions to (A) restrain any violation of Section 15 of TSCA, 15 U.S.C. § 2614; (B) restrain any person from taking any action prohibited under Section 5 of TSCA, 15 U.S.C. § 2604; (C) compel the taking of any action required by or under TSCA; and (D) direct any manufacturer or processor of a chemical substance subject to subject to a rule or order under Section 5 of TSCA, 15 U.S.C. § 2604, and distributed in commerce to (i) give notice of such fact to distributors in commerce of such substance, and to other persons in possession of such substances or exposed to such substances; (ii) to give public notice of such risk of injury; and (iii) either replace or repurchase such substance.

28.     Under the Declaratory Judgment Act, 28 U.S.C. § 2201, where an actual case or controversy exists, a court may issue a binding decree that defines the rights and obligations of the parties.

## **GENERAL ALLEGATIONS**

29.     The Defendant is a company that uses fluorination processes to impart barrier protection, i.e., enhanced container stability and reduced permeation capabilities, to plastics, such as high-density polyethylene ("HDPE") packaging and fuel containers.

30.     A variety of customers provide plastic packaging and fuel containers to the Defendant, which the Defendant fluorinates, and then returns to customers, including for distribution in commerce.

31.     Inhance manufactures for a significant new use PFAS subject to the Long-Chain PFAS Rule as a byproduct of its fluorination processes.

32.     The term "byproduct" is defined under the TSCA regulations as "a chemical substance produced without a separate commercial intent during the manufacture, processing, use, or disposal of another chemical substance or mixture." 40 C.F.R. § 720.3(d).

33.     Between August and October 20, 2020, Public Employees for Environmental Responsibility ("PEER") and Massachusetts Department of Environmental Protection ("MADEP") sampled and tested containers of Anvil 10+10®, a pesticide, and detected the presence of multiple PFAS subject to the Long-Chain PFAS Rule.

34.     In December 2020, the EPA received unused fluorinated HDPE containers from the distributor of Anvil 10+10®.

35.     The EPA tested the HDPE containers referred to in paragraph 34 and detected several PFAS subject to the Long-Chain PFAS Rule in the rinsates (a solvent used to extract chemical compounds).

36.     On information and belief, the containers that the EPA tested for the presence of PFAS were fluorinated by Inhance.

37.     On January 14, 2021, the EPA issued a subpoena to Inhance pursuant to Section 11(c) of TSCA, 15 U.S.C. § 2610(c), to obtain information concerning Inhance's fluorination processes.

38.     On February 1 and 8, 2021, Inhance responded to the EPA's subpoena.

39.     Based on the information Inhance provided, the EPA determined that Inhance's processes for fluorinating containers results in the manufacturing for a significant new use of

PFAS subject to the Long-Chain PFAS Rule because PFAS are produced as byproducts of the fluorination process.

40.     On March 1, 2022, the EPA issued a Notice of Violation ("NOV") to Inhance notifying Inhance that its process for fluorinating HDPE containers produces PFAS subject to the Long-Chain PFAS Rule and that Inhance's manufacturing or processing of such PFAS is a violation of the Long-Chain PFAS Rule.

41.     The NOV requested any information on any changes Inhance may have made to its fluorination process and any information that would confirm that any such changes eliminated the manufacture of PFAS subject to the Long-Chain PFAS Rule.

42.     The NOV further stated that if Inhance had not changed its process for fluorinating HDPE containers to prevent the manufacture of long-chain PFAS substances, Inhance must immediately cease the manufacture of PFAS subject to the Long-Chain PFAS Rule and may not resume manufacture until it has submitted a New Use Notice and the EPA issues a determination on that New Use Notice.

43.     Between April and August 2022, the EPA reviewed additional information submitted by Inhance and also determined that Inhance's fluorination of fuel tanks and containers is manufacturing PFAS subject to the Long-Chain PFAS Rule.

44.     In August 2022, the EPA determined that the information Inhance provided on its fluorination processes is inadequate to support a determination that the process does not result in the manufacture of PFAS subject to the Long-Chain PFAS Rule.

45.     On September 7, 2022, Inhance informed the EPA that, although it intended to submit New Use Notices regarding PFAS subject to the Long-Chain PFAS Rule manufactured in

its fluorination processes, Inhance did not intend to cease its fluorination processes before or during the period of review of the New Use Notices.

46.     The Defendant has submitted New Use Notices regarding the manufacture of several PFAS subject to the Long-Chain PFAS Rule in Defendant's process for fluorinating fuel tanks and fuel containers.

47.     The information and test data submitted with the New Use Notices indicates that Inhance's process for fluorinating fuel tanks and fuel containers continues to result in the production for a significant new use of PFAS subject to the Long-Chain PFAS Rule.

48.     Studies involving humans and animals have shown that certain PFAS subject to the Long-Chain PFAS Rule can bioaccumulate in the body (e.g., serum half-lives from months to years in humans and monkeys; hours to days or months in rodents).

49.     Certain PFAS subject to the Long-Chain PFAS Rule (e.g., PFOA) examined in the studies referenced in paragraph 48 have been detected in containers fluorinated by Inhance.

50.     Epidemiological studies in human populations and experimental animal studies show correlations between exposures to certain PFAS and an array of cancer and non-cancer health effects, including to susceptible subpopulations (e.g., those in early developmental life and women of child-bearing age).

51.     Inhance's past and continuing manufacturing for a significant new use of PFAS subject to the Long-Chain PFAS Rule may present an unreasonable risk of injury to the health of individuals exposed to the PFAS from the fluorinated containers, the employees and workers involved in the manufacturing process at Inhance, and to the environment.

## FIRST CLAIM FOR RELIEF
### Declaratory Relief

52.     Paragraphs 1 through 51 of the Complaint are incorporated herein by reference.

53.     Pursuant to Section 5(a)(1) of TSCA, 15 U.S.C. § 2604(a)(1), no person may manufacture or process a chemical substance for a significant new use unless (1) that person submits a New Use Notice to the EPA, at least 90 days before such manufacture or processing; (2) the EPA reviews that notice; (3) the EPA makes a determination on that use under Section 5(a)(3) of TSCA, 15 U.S.C. § 2604(a)(3); and (4) the EPA "takes the actions required in association with that determination."

54.     The Defendant is a "person" under the regulations implementing TSCA.  40 C.F.R. § 720.3(x).

55.     The Defendant is manufacturing or processing multiple PFAS subject to the Long-Chain PFAS Rule through its fluorination activities for uses that the EPA has determined are significant new uses subject to the Long-Chain PFAS Rule.  40 C.F.R. § 721.10536.

56.     The Defendant failed to submit to the EPA New Use Notices, in accordance with Section 5(a)(1)(B) of TSCA, 15 U.S.C. § 2604(a)(1)(B), and 40 C.F.R. § 721.25, before manufacturing or processing PFAS for a significant new use subject to the Long-Chain PFAS Rule, of its intention to manufacture or process PFAS for a significant new use subject to the Long-Chain PFAS Rule.

57.     The EPA has not issued determinations on the New Use Notices submitted by the Defendant, as required by Section 5(a)(1)(B) of TSCA, prior to Defendant manufacturing or processing PFAS for a significant new use subject to the Long-Chain PFAS Rule.

58.     Because the EPA has not issued determinations on the New Use Notices before the Defendant's manufacturing or processing of PFAS for a significant new use subject to the Long-Chain PFAS Rule, the EPA has been denied the opportunity to conduct the review and

determination process before the Defendant's significant new uses of PFAS subject to the Long-Chain PFAS Rule, as required by Section 5(a)(3) of TSCA.  15 U.S.C. § 2604(a)(3).

59.     Pursuant to Section 15 of TSCA, 15 U.S.C. § 2614, it is unlawful for the Defendant to: (1) fail or refuse to comply with any requirement of TSCA or any rule promulgated under TSCA; (2) use for commercial purposes a chemical substance that such person knew or had reason to know was manufactured or processed in violation of Section 5, 15 U.S.C. § 2604; or (3) fail or refuse to submit notices as required by TSCA or any rule promulgated thereunder.

60.     Under 40 C.F.R. § 721.35, it is a violation of Section 15 of TSCA, 15 U.S.C. § 2614, to fail to comply with any provision of Title 40, Part 721 of the regulations implementing TSCA.

61.     An actual controversy exists between the United States and the Defendant. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, the United States is entitled to a declaratory judgment that the Defendant has and continues to violate Section 15 of TSCA, 15 U.S.C. § 2614, by failing or refusing to comply with Section 5 of TSCA, 15 U.S.C. § 2604, and all applicable regulatory requirements, by manufacturing or processing PFAS for a significant new use subject to the Long-Chain PFAS Rule, before submitting notices to the EPA, and before the EPA has conducted the review and determination process required under Section 5(a)(1)(B) of TSCA, 15 U.S.C. § 2604(a)(1)(B), and all applicable regulatory requirements.

**SECOND CLAIM FOR RELIEF**
**Injunctive Relief**

62.     Paragraphs 1 through 51 of the Complaint are incorporated herein by reference.

63.     Pursuant to Section 5(a)(1) of TSCA, 15 U.S.C. § 2604(a)(1), no person may manufacture or process a chemical substance for a significant new use unless (1) that person

submits a New Use Notice to the EPA, at least 90 days before such manufacture or processing, (2) the EPA reviews that notice, (3) the EPA makes a determination on that use under Section 5(a)(3) of TSCA, 15 U.S.C. § 2604(a)(3), and (4) the EPA "takes the actions required in association with that determination."

64.     The Defendant is a "person" under the regulations implementing TSCA.  40 C.F.R. § 720.3(x).

65.     The Defendant is manufacturing or processing multiple PFAS subject to the Long-Chain PFAS Rule through its fluorination activities for uses that the EPA has determined are significant new uses subject to the Long-Chain PFAS Rule.  40 C.F.R. § 721.10536.

66.     The Defendant failed to submit to the EPA New Use Notices, in accordance with Section 5(a)(1)(B) of TSCA, 15 U.S.C. § 2604(a)(1)(B), and 40 C.F.R. § 721.25, before manufacturing or processing PFAS for a significant new use subject to the Long-Chain PFAS Rule, of its intention to manufacture or process PFAS for a significant new use subject to the Long-Chain PFAS Rule.

67.     The EPA has not issued determinations on the New Use Notices submitted by the Defendant, as required by Section 5(a)(1)(B) of TSCA, prior to Defendant manufacturing or processing PFAS for a significant new use subject to the Long-Chain PFAS Rule.

68.     Because the EPA has not issued determinations on the New Use Notices before the Defendant's manufacturing or processing of PFAS for a significant new use subject to the Long-Chain PFAS Rule, the EPA has been denied the opportunity to conduct the review and determination process before the Defendant's significant new uses of PFAS subject to the Long-Chain PFAS Rule, as required by Section 5(a)(3) of TSCA.  15 U.S.C. § 2604(a)(3).

69.     Pursuant to Section 15 of TSCA, 15 U.S.C. § 2614, it is unlawful for the Defendant to: (1) fail or refuse to comply with any requirement of TSCA or any rule promulgated under TSCA; (2) use for commercial purposes a chemical substance which such person knew or had reason to know was manufactured or processed in violation of Section 5, 15 U.S.C. § 2604; or (3) fail or refuse to submit notices as required by TSCA or any rule promulgated thereunder.

70.     Under 40 C.F.R. § 721.35, it is a violation of Section 15 of TSCA, 15 U.S.C. § 2614, to fail to comply with any provision of Title 40, Part 721 of the regulations implementing TSCA.

71.     Inhance's past and continuing manufacture of PFAS for a significant new use subject to the Long-Chain PFAS Rule may present an unreasonable risk of injury to the health of individuals exposed to its products, the employees and workers involved in the manufacturing process at Inhance, and the environment.

72.     Pursuant to Section 17 of TSCA, 15 U.S.C. § 2616, the Defendant should be: (A) restrained from violating Section 15 of TSCA, 15 U.S.C. § 2614; (B) restrained from the manufacture or processing of PFAS for a significant new use subject to the Long-Chain PFAS Rule, until the EPA has conducted the review and determination process required under Section 5(a)(1)(B) of TSCA, 15 U.S.C. § 2604(a)(1)(B); and (C) directed to give notice of its manufacturing in violation of Section 5 of TSCA, 15 U.S.C. § 2604, to distributors in commerce of the PFAS subject to the Long-Chain PFAS Rule that it has produced for a significant new use, and, to the extent reasonably ascertainable, to other persons in possession of such PFAS or exposed to such PFAS.

## <u>RELIEF SOUGHT</u>

WHEREFORE, Plaintiff respectfully prays that this Court:

A.      Enter a declaratory judgment that the Defendant has and continues to violate Section 15 of TSCA, 15 U.S.C. 2614, by failing or refusing to comply with Section 5 of TSCA, 15 U.S.C. § 2604, and all applicable regulatory requirements, by manufacturing or processing PFAS for a significant new use subject to the Long-Chain PFAS Rule, before submitting a notice to the EPA, and before the EPA has conducted the review and determination process required under Section 5(a)(1)(B) of TSCA, 15 U.S.C. § 2604(a)(1)(B), and all applicable regulatory requirements.

B.      Award the United States injunctive relief to: (A) restrain the Defendant from any violation of Section 15 of TSCA, 15 U.S.C. § 2614; (B) restrain the Defendant from the manufacture or processing of PFAS for a significant new use subject to the Long-Chain PFAS Rule, except in compliance with TSCA; and (C) direct the Defendant to give notice of its manufacturing in violation of Section 5 of TSCA, 15 U.S.C. § 2604, to distributors in commerce of the PFAS subject to the Long-Chain PFAS Rule that it has produced for a significant new use, and, to the extent reasonably ascertainable, to other persons in possession of such PFAS or exposed to such PFAS.

C.      Order the Defendant to take other appropriate actions to remedy, mitigate, and offset the harm to public health and the environment caused by the violations of TSCA alleged above;

D.      Award Plaintiff its costs of this action; and

E.      Grant such other relief as this Court may deem just and proper.

Respectfully submitted,

**FOR THE UNITED STATES OF AMERICA**

**TODD KIM**
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

Dated:  <u>December 19, 2022</u>         <u>/s/ Richard  Gladstein</u>
                                        **RICHARD GLADSTEIN**, D.C. Bar #362404
                                        Senior Counsel
                                        **JONAH SELIGMAN**, La. Bar #38890
                                        Trial Attorney
                                        Environmental Enforcement Section
                                        Environment and Natural Resources Division
                                        United States Department of Justice
                                        P.O. Box 7611
                                        Washington, D.C.  20044-7611
                                        (202) 514-1711
                                        Richard.Gladstein@usdoj.gov
                                        Jonah.Seligman@usdoj.gov

**JACQUELINE C. ROMERO**
United States Attorney
Eastern District of Pennsylvania

Dated: <u>December 19, 2022</u>

<u>/s/ *Gregory B. David*</u>
**GREGORY B. DAVID**
Chief, Civil Division

<u>/s/Erin Lindgren</u>
**ERIN E. LINDGREN**
Assistant United States Attorney
Office of United States Attorney
615 Chestnut Street, #1250
Philadelphia, Pennsylvania 19106
Erin.Lindgren@usdoj.gov

<u>Of Counsel</u>:
**N. LINSDAY SIMMONS**
**ALEXANDER DERGARABEDIAN**
Attorney-Advisors
Chemical Risk and Reporting Enforcement Branch
Waste and Chemical Enforcement Division
Office of Civil Enforcement, OECA
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., N.W.
Washington, D.C
(202) 564-3223
Simmons.lindsay@epa.gov
Dergarabedian.alexander@epa.gov