IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 5:22-cv-05055-JFM |
| INHANCE TECHNOLOGIES, LLC, ) | |
| ) | ORAL ARGUMENT REQUESTED |
| *Defendant.* ) | |

## MOTION OF INTERVENOR-PLAINTIFFS FOR SUMMARY JUDGMENT AND ENTRY OF AN INJUNCTION AGAINST DEFENDANT INHANCE

Pursuant to Fed. R. Civ. P. Rule 56(a), intervenor-plaintiffs Center for Environmental Health ("CEH"), Public Employees for Environmental Responsibility ("PEER") and Jay De La Rosa hereby move the Court for summary judgment on their claims against defendant Inhance Technologies LLC ("Inhance") and for an injunction directing Inhance to immediately cease ongoing violations of the Toxic Substances Control Act ("TSCA"), 15 U.S.C. § 2601 *et seq,* that are causing serious and irreversible harm to public health.

It is undisputed that Inhance is manufacturing and processing several long-chain perfluoroalkyl carboxylate ("LCPFAC") substances during the fluorination of plastic containers. These ongoing activities comprise a "significant new use" under the July 2020 Significant New Use Rule ("SNUR") promulgated by the U.S. Environmental Protection

1

Agency ("EPA") under section 5(a) of TSCA, 15 U.S.C. § 2604(a).  85 Fed. Reg. 45109 (July 27, 2020), 40 C.F.R. § 721.10536.  The SNUR prohibits manufacturing or processing LCPFACs without submission of significant new use notices ("SNUNs") to EPA at least 90 days before commencing these activities and completion by EPA of the risk determinations and regulatory process prescribed by the law. Accordingly, Inhance's ongoing manufacture and processing of LCPFACs is in violation of the SNUR and its conduct constitutes a "prohibited act" under TSCA section 15, 15 U.S.C. § 2614, which makes it "unlawful" to "fail or refuse to comply with any requirement" of the statute or its implementing regulations.

The two TSCA enforcement provisions applicable to this case – sections 17 and 20, 15 U.S.C. §§ 2616 and 2619 – authorize a targeted set of remedies restraining ongoing violations of the law. Under Supreme Court decisions, this Court's task is to choose a remedy that will achieve compliance with TSCA. Once the Court concludes that Inhance is in violation of TSCA, it lacks discretion to conclude that a remedy compelling compliance is unnecessary and the violation should continue unabated.

The choice of a remedy should be made without consideration of the usual factors for injunctive relief, including a showing of irreparable harm or balancing the equities. Where a statutory violation is knowing and willful, courts grant injunctive relief without a traditional balancing of equities. Here, there is compelling undisputed evidence that Inhance is knowingly and willfully violating TSCA. Moreover, under environmental laws, injuries to public health are considered irreparable harm and the public interest, as well as the balance of equities, generally favor injunctive relief to protect against harm.  In this case, the presence of uniquely dangerous LCPFACs in over 200 million fluorinated containers used in virtually every sector of the

economy is a serious and immediate health threat to a large segment of the U.S. population and injunctive relief is essential to protect public health.

Intervenor-plaintiffs request that the Court enter an injunction directing Inhance to (1) immediately halt producing and processing LCPFACs during the fluorination of plastic containers, (2) cease distributing such containers in commerce and (3) inform its customers that fluorinated containers in their possession were produced in violation of TSCA and should not be further processed.

Under Local Rule 7.1(f), intervenor-plaintiffs request oral argument on their motion. *See* E.D. PA. CIV. R. 7.1(f).  Given the significant issues raised in the motion, oral argument will likely aid the Court's decision-making.

Attached to this motion are a [Proposed] Order, Memorandum in Support of Summary Judgment and Entry of an Injunction, Statement of Undisputed Material Facts as required by the Court's procedures, and Appendix of Exhibits.

Intervenor-plaintiffs are also filing a motion for leave to submit a Memorandum in excess of the Court's page and word limits.

**WHEREFORE**, Intervenor-plaintiffs respectfully request the Court grant this Motion for Summary Judgment and enter an Injunction against the Defendant.

DATED: June 12, 2023

                          Respectfully submitted,

                          */s/ Michael D. Fiorentino*
                          Michael D. Fiorentino
                          LAW OFFICE OF MICHAEL D. FIORENTINO
                          PA Bar No. 73576
                          42 E. Second St., Suite 200
                          Media, PA  19063
                          (610)-566-2166

mdfiorentino@gmail.com
*Attorney for Intervenor-Plaintiffs*

/s/ Robert M. Sussman
Robert M. Sussman
*Pro Hac Vice*
SUSSMAN & ASSOCIATES
DC BAR NO. 226746
3101 Garfield Street, NW
Washington, DC 20008
(202) 716-0118
bobsussman1@comcast.net
*Attorney for Intervenor-Plaintiff Center for Environmental Health and Jay De La Rosa*

/s/ Paula Dinerstein
Paula Dinerstein *Pro Hac Vice*
General Counsel
PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY
DC BAR NO. 333971
962 Wayne Avenue, Suite 610
Silver Spring, MD 20910
202-265-7337
pdinerstein@peer.org
*Attorney for Intervenor-Plaintiff Public Employees for Environmental Responsibility*