# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Plaintiff*, ) | Civil Action No. 5:22-cv-05055-JFM |
| ) | |
| v. ) | |
| ) | |
| INHANCE TECHNOLOGIES LLC, ) | |
| ) | |
| *Defendant*. ) | |

### REPLY IN SUPPORT OF INHANCE TECHNOLOGIES LLC'S
### MOTION TO DISMISS INTERVENOR-PLAINTIFFS' COMPLAINT

Catherine E. Stetson*
Susan M. Cook*
Adam M. Kushner*
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
Tel: (202) 637-5600
cate.stetson@hoganlovells.com

Virginia Gibson (PA Bar No. 32520)
HOGAN LOVELLS US LLP
1735 Market St., Floor 23
Philadelphia, PA 19103
Phone: (267) 675-4635
Fax: (267) 675-4601
virginia.gibson@hoganlovells.com

J. Tom Boer*
HOGAN LOVELLS US LLP
4 Embarcadero Center, Suite 3500
San Francisco, CA 94111
Tel: (415) 274-2300
tom.boer@hoganlovells.com

Dated: June 14, 2023

*Counsel for Inhance Technologies LLC*

*admitted *pro hac vice*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ................................................................................................................. 1

ARGUMENT ..........................................................................................................................1

    I.     THIS CASE IS NOT RIPE ................................................................................1

    II.    TSCA DOES NOT PERMIT THE RELIEF INTERVENORS SEEK ................. 2

CONCLUSION ...................................................................................................................... 3

CERTIFICATE OF SERVICE

## TABLE OF AUTHORITIES

Page(s)

**Cases:**

*Newman-Green, Inc. v. Alfonzo-Larrain*,
  490 U.S. 826 (1989) ............................................................................................................... 2

*Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*,
  836 F.2d 173 (3d Cir. 1988) ................................................................................................... 3

**Statute:**

15 U.S.C. § 2604 ............................................................................................................................ 3

**Other Authority:**

2 James Wm. Moore et al., *Moore's Federal Practice - Civil* (3d ed. 2014) ................................. 3

## INTRODUCTION

As explained in Inhance's opening brief, Intervenor-Plaintiffs' claims fail for the same reason as the Government's. The opposition brief submitted by Intervenor-Plaintiffs does nothing to resurrect their claims: The action remains unripe. Inhance's longstanding fluorination process is not a "new" use. And Inhance lacked fair notice of the contorted reading of the statute and rule now offered by the Government in this case.

With motion-to-dismiss briefing now complete, the Court should dismiss the action.

## ARGUMENT

### I.      THIS CASE IS NOT RIPE.

As Inhance explained in its opening brief, EPA continues to conduct its administrative review of Inhance's Significant New Use Notices (SNUNs). Because the outcome of that proceeding very well could moot this lawsuit, this case remains unripe for judicial review.

In response, Intervenor-Plaintiffs argue that its claims are independent of the administrative process because they focus on Inhance's conduct in continuing its process before submitting the SNUNs. Specifically, they argued that "TSCA requires EPA to make these determinations *before* the initiation of production" and that dismissal of this action would give "PFAS producers a free hand to continue exposing the public to LCPFAC chemicals without the safeguard of EPA assessment of their risks *before these chemicals enter commerce*." Opp. at 3–4 (emphases added). But that is the rub: Inhance has been using its fluorination process for decades, long before the Significant New Use Rule (SNUR) was promulgated. Compl. ¶ 103. EPA was never in a position to evaluate the Inhance fluorination process *before* it was used in commerce. There is no pathway to judicial review now.

1

The Intervenor-Plaintiffs also argue that Inhance should be forced to cease its fluorination process now, while the administrative process is underway; "the SNUN review process may well continue for a protracted period and the odds that EPA will ultimately 'exonerate' Inhance's production of PFAS are low." Opp. at 5. That position is curious. The SNUN process typically takes months, not years, to resolve. Odds are good that the SNUN process will be over long before this lawsuit is resolved, thus rendering any decision by this Court moot. And as for placing odds on the likely outcome of the administrative process, that is at best speculative. It is telling that the Government did not purport to weigh in on that issue in its briefs.

## II.  TSCA DOES NOT PERMIT THE RELIEF INTERVENORS SEEK.

Ripeness problems aside, the Complaint should also be dismissed because Intervenors do not state a plausible claim for relief. As Inhance has explained, the "significant new use" provision of TSCA only applies to a "new use," 15 U.S.C. § 2604, yet the fluorination process at issue has been in place for decades. In addition, the Government's application of the "significant new use" provision to Inhance also fails for lack of fair notice.

In response to the first point, Intervenor-Plaintiffs proffer a convoluted statutory and regulatory argument premised on the idea that "new" really means "old." Opp. at 6–8. That is not a permissible construction of either TSCA or the SNUR. Congress is presumed to use accurate language when it crafts legislation. If a statute says "purple," neither an agency nor a court can interpret it to mean "orange" in the guise of meeting the intent of the program. "New" means "new." Inhance's process is anything but.

Intervenor-Plaintiffs also argue that Inhance should have somehow known that its fluorination process triggered application of the SNUR, and therefore that the burden was on Inhance to highlight its use for EPA during the rulemaking process if it wanted clarity about

2

whether the rule applied. Opp. at 9. That turns due process on its head: Inhance had no knowledge that EPA viewed its fluorination process as subject to the SNUR. Nor did it even know its fluorination process generated PFAS. Certainly the Complaint does not adequately allege either point. Dismissal is therefore proper.

Intervenor-Plaintiffs suggest that in evaluating this point, the Court should consider an academic article and a patent application about PFAS. Opp. at 9–10. Neither appear in the Intervenor-Plaintiffs' Complaint and thus are not relevant to the Court's analysis of the motion to dismiss. *Pennsylvania ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("it is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss"); 2 James Wm. Moore et al., *Moore's Federal Practice - Civil* ¶ 12.34[2][c] (3d ed. 2014) ("The court may not, for example, take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)."). And even setting aside the pleading deficiency, the arguments are far afield. Intervenor-Plaintiffs discuss an Inhance process that *removes* perfluorooctanoic acid (PFOA) from fluoropolymers; those are not the processes that are the subject of the SNUNs and they are not the processes at issue in this matter.

## CONCLUSION

For the foregoing reasons, as well as those explained in Inhance's earlier memoranda in support of its motions to dismiss, the Court should dismiss the Intervenor-Plaintiffs' Complaint.

Respectfully submitted,

/s/ *Virginia Gibson*
Virginia Gibson (PA Bar No. 32520)
HOGAN LOVELLS US LLP
1735 Market St., Floor 23
Philadelphia, PA 19103
Phone: (267) 675-4635
Fax: (267) 675-4601

virginia.gibson@hoganlovells.com

Catherine E. Stetson*
Susan M. Cook*
Adam Kushner*
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
Phone: (202) 637-5491
Fax: (202) 637-5910
cate.stetson@hoganlovells.com

J. Tom Boer*
HOGAN LOVELLS US LLP
4 Embarcadero Center, Suite 3500
San Francisco, CA  94111
Phone: (415) 374-2336
Fax: (415) 374-2499
tom.boer@hoganlovells.com

Dated:  June 14, 2023                *admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2023, the foregoing was electronically filed through this Court's CM/ECF system, which will send a notice of filing to all counsel, who are registered users.

/s/ <u>*Virginia Gibson*</u>