IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>INHANCE TECHNOLOGIES LLC,<br><br>*Defendant.* | CIVIL ACTION NO. 22-5055 |

### Notice of Additional Authority

Plaintiff the United States of America ("United States"), on behalf of the United States Environmental Protection Agency, submits this notice of additional authority in accordance with counsel's ethical obligations. *See* E.D. Pa. Rule of Disciplinary Enforcement IV (adopting Rules of Professional Conduct adopted by the Supreme Court of Pennsylvania); Pa. R. of Prof'l Conduct 3.3(a)(2).

On August 23, 2023, the Court held oral argument on the motions filed by Defendant Inhance Technologies LLC to dismiss the complaints filed by the United States and the Intervenor-Plaintiffs alleging past and continuing violations of the Toxic Substances Control Act, 15 U.S.C. § 2601 *et seq.* (ECF Nos. 10, 40), the motion for partial summary judgment filed by the United States (ECF Nos. 37, 49, 51, 52, 54), and the motion for summary judgment and injunctive relief filed by the Intervenors-Plaintiffs. (ECF Nos. 42, 50, 53).

During the oral argument, the following colloquy occurred between the Court and counsel for the United States regarding the standing of Intervenor-Plaintiffs:

> The Court: Does the United States Government ascribe to this argument that intervenors in cases like this have standing automatically.

> Mr. Gladstein: Not automatically, no, I mean they have a statutory right to intervene.
>
> The Court: But does that convey standing when the United States has standing, which, of course, it does?
>
> Mr. Gladstein: Does not convey standing automatically. It has to stand on its merits.
>
> The Court: I am required to do an Article III standing evaluation under Supreme Court caselaw of the intervenors, right?
>
> Mr. Gladstein: Correct.

Ex. 1, Transcript of Oral Argument at 92:4-17.

Since the oral argument, counsel for the United States has become aware of caselaw from the United States Supreme Court concerning the issue of intervenor standing that is appropriate to disclose to the Court. *See* Pa. R. of Prof'l Conduct 3.3(a)(2). In *Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, the United States Supreme Court stated in a footnote that it was error for the United States Court of Appeals for the Third Circuit to inquire into the appellate standing of an intervenor where the federal government had standing to invoke the appeals courts' jurisdiction and where the intervenor sought the same relief as the federal government. 140 S. Ct. 2367, 2379 n.6 (2020).

In particular, the Supreme Court stated:

> The Third Circuit also determined *sua sponte* that the Little Sisters lacked appellate standing to intervene because a District Court in Colorado had permanently enjoined the contraceptive mandate as applied to plans in which the Little Sisters participate. This was error. Under our precedents, at least one party must demonstrate Article III standing for each claim for relief. An intervenor of right must independently demonstrate Article III standing if it pursues relief that is broader than or different from the party invoking a court's jurisdiction. Here, the Federal Government clearly had standing to invoke the Third Circuit's appellate jurisdiction, and both the Federal Government and the Little Sisters asked the court to dissolve the injunction against the religious exemption. The Third Circuit accordingly erred by inquiring into the Little Sisters' independent Article III standing.

*Id.* (internal citations omitted).

        Respectfully submitted,

Dated: September 7, 2023        **FOR THE UNITED STATES OF AMERICA**

        **TODD KIM**
        Assistant Attorney General
        Environment and Natural Resources Division
        United States Department of Justice

        /s/ *Richard Gladstein*
        **RICHARD GLADSTEIN**, D.C. Bar #362404
        Senior Counsel
        **JONAH SELIGMAN**, La. Bar #38890
        Trial Attorney
        Environmental Enforcement Section
        Environment and Natural Resources Division
        United States Department of Justice
        P.O. Box 7611
        Washington, D.C.  20044-7611
        (202) 514-1711
        Richard.Gladstein@usdoj.gov
        Jonah.Seligman@usdoj.gov


        **JACQUELINE C. ROMERO**
        United States Attorney
        Eastern District of Pennsylvania

        **GREGORY B. DAVID**
        Chief, Civil Division

        **ERIN E. LINDGREN**
        Assistant United States Attorney
        Office of United States Attorney 615 Chestnut Street, #1250
        Philadelphia, Pennsylvania 19106
        Erin.Lindgren@usdoj.gov

Of Counsel:
**N. LINSDAY SIMMONS**
**ALEXANDER DERGARABEDIAN**
Attorney-Advisors
Chemical Risk and Reporting Enforcement Branch
Waste and Chemical Enforcement Division | Office of Civil Enforcement, OECA
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., N.W.
Washington, D.C
(202) 564-3223
Simmons.Lindsay@epa.gov
Dergarabedian.Alexander@epa.gov

### CERTIFICATE OF SERVICE

The foregoing Notice of Additional Authority has been filed electronically using the ECF system and are available for viewing and downloading from the ECF system. Counsel for the Plaintiff also has served by email an electronic copy of this Notice on counsel for Defendant and counsel for Intervenor-Plaintiffs Center for Environmental Health, Public Employees for Environmental Responsibility, and Mr. Jay De La Rosa.

DATE: September 7, 2023                     */s/ Richard Gladstein*
                                            RICHARD GLADSTEIN