IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| *Plaintiff*, | ) Civil Action No. 5:22-cv-05055-JFM |
| v. | ) |
| INHANCE TECHNOLOGIES LLC, | ) |
| *Defendant*. | ) |

**INHANCE TECHNOLOGIES LLC'S RESPONSE TO THE GOVERNMENT'S
NOTICE OF ADDITIONAL AUTHORITY**

The Government purports to "disclose to the Court" three-year-old Supreme Court precedent as "additional authority." ECF No. 57. The Government points to *Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 140 S. Ct. 2367 (2020), for the unremarkable proposition that a court need not inquire into an intervenor's standing where the government has standing and the intervenor seeks the same relief. But *Little Sisters* itself makes clear that "[a]n intervenor of right must independently demonstrate Article III standing if it pursues relief that is broader than or different from the party invoking a court's jurisdiction." *Little Sisters*, 140 S. Ct. at 2379 n.6. Here, the Government moved for partial summary judgment on its claim for *declaratory* relief, and Intervenors moved for summary judgment on their claim for *injunctive* relief. ECF Nos. 42-1, 49. Intervenors thus are required to establish their standing. *See Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1651 (2017) (intervenor "must demonstrate Article III standing when it seeks additional relief beyond that which the plaintiff requests."). Compare the circumstances here to *Little Sisters of the Poor*, where "both the Federal Government and the Little Sisters asked the court to dissolve the injunction." 140 S. Ct. at 2379 n.6. Because the

1

government's and intervenors' requests for relief were coterminous, the court was relieved from the necessity of "inquiring into the Little Sisters' independent Article III standing." *Id.*; *see also Wayne Land & Mineral Grp. v. Del River Basin Comm'n*, 959 F.3d 569, 574 (3d Cir. 2020) ("if a putative intervenor of right seeks additional relief beyond that which the plaintiff requests, then the intervenor must demonstrate Article III standing.").

The Government's and Intervenors' complaints also seek different relief. For example, Intervenors seek an order requiring Inhance to notify the public "of the risks to health of PFAS formed during the fluorination of plastic containers[,]" Intervenors' Compl. Prayer for Relief ¶ 5; the Government seeks no such relief.

Intervenors thus must demonstrate Article III standing. And for all the reasons discussed in briefing and at argument, they have not.

Respectfully submitted,

/s/ *Virginia Gibson*
Virginia Gibson (PA Bar No. 32520)
HOGAN LOVELLS US LLP
1735 Market St., Floor 23
Philadelphia, PA 19103
Phone:  (267) 675-4635
Fax: (267) 675-4601
virginia.gibson@hoganlovells.com

Catherine E. Stetson*
Susan M. Cook*
Adam Kushner*
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
Phone: (202) 637-5491
Fax: (202) 637-5910
cate.stetson@hoganlovells.com

J. Tom Boer*
HOGAN LOVELLS US LLP

                                                   4 Embarcadero Center, Suite 3500
                                                   San Francisco, CA  94111
                                                   Phone: (415) 374-2336
                                                   Fax: (415) 374-2499
                                                   tom.boer@hoganlovells.com

                                                   *admitted *pro hac vice*

Dated:  September 13, 2023                *Counsel for Inhance Technologies LLC*