# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| *Plaintiff*, | ) |
| v. | ) Civil Action No. 5:22-cv-05055-JFM |
| INHANCE TECHNOLOGIES, LLC, | ) |
| *Defendant*. | ) |

## RESPONSE OF INTERVENOR-PLAINTIFFS TO THE GOVERNMENT'S NOTICE OF ADDITIONAL AUTHORITY

Intervenor-plaintiffs Center for Environmental Health ("CEH") and Public Employees for Environmental Responsibility ("PEER") hereby respond to the notice of additional authority filed by the United States on September 7. ECF 57. This notice draws the attention of the Court to *Little Sisters of the Poor Saints Peter and Paul Home v. Pennsylvania*, 140 S. Ct. 2367, 2379 n.6 (2020), which held that:

> Under our precedents, at least one party must demonstrate Article III standing for each claim for relief. An intervenor of right must independently demonstrate Article III standing if it pursues relief that is broader than or different from the party invoking a court's jurisdiction. . . Here, the Federal Government clearly had standing to invoke the Third Circuit's appellate jurisdiction, and both the Federal Government and the Little Sisters asked the court to dissolve the injunction against the religious exemption. The Third Circuit accordingly erred by inquiring into the Little Sisters' independent Article III standing.

Based on *Little Sisters* and numerous other decisions, intervenors need not make an independent demonstration of standing if they are seeking the same relief as the Government.

In *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 569 n.4 (1992), the Court held that "[t]he existence of federal jurisdiction ordinarily depends on the facts *as they exist when the complaint is filed"* (emphasis in original) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*,

1

490 U.S. 826, 830 (1989). Consistent with this principle, in examining whether the intervenor and plaintiff were requesting the same relief, the Court in *Town of Chester* v. *Laroe Estates, Inc.*, 581 U.S. 433, 440 (2017) compared the two complaints, which it described as the "best evidence of the relief [that each party] seeks." Similarly, *Wayne Land & Mineral Grp. v. Del River Basin Comm'n*, 959 F.3d 569, 574 (3d Cir. 2020) also analyzed the standing of intervenors by examining whether the relief sought in their complaint tracked the relief sought in the original plaintiff's Complaint.

In this case, the Complaints of the United States and intervenor-plaintiffs seek identical relief. Both Complaints seek a declaratory judgment that defendant Inhance is in violation of the Environmental Protection Agency ("EPA") 2020 Significant New Use Rule ("SNUR") for Long-Chain Perfluoroalkyl Carboxylate substances ("LCPFACs") under the Toxic Substances Control Act ("TSCA"). ECF 3 ¶¶ 52-61, Relief Sought; ECF 36 ¶ 55, Prayer for Relief. Both Complaints also seek an injunction restraining defendant from continuing to manufacture and process LCPFACs in violation of the SNUR requirements of TSCA. ECF 3 ¶¶ 62-72, Relief Sought; ECF 36 ¶ 110, Prayer for Relief. Finally, both Complaints similarly seek to direct Inhance to give notice to distributors in commerce of LCPFAC-containing fluorinated containers and to other persons in possession of or exposed to these substances. Id.

In its decision dismissing intervenors' case against Inhance under section 20 of TSCA, Judge Boasberg of the District Court for the District of Columbia found that "DOJ's Pennsylvania lawsuit concerns the same alleged facts, claims the same violations of the TSCA and its implementing regulations, and seeks the same relief against the same defendant as Plaintiff's lawsuit does here." *Center for Environmental Health v. Inhance Technologies USA*, No. 22-3819 (D.D.C.), ECF 25 at 5. This conclusion – which reflected the positions of both

Inhance and the United States before the District Court – should be sufficient to demonstrate intervenor-plaintiffs' standing in this case.

Inhance has nonetheless argued that the United States and intervenor-plaintiffs are seeking different relief because only the intervenors have to date moved for an injunction even though both complaints are requesting injunctive relief.  However, at the August 23 hearing, the United States told the Court that it may file such a motion at a later date as the case develops. Transcript at 20. To deny standing to intervenors based on the timing of the parties' motions for relief would assign unwarranted weight to differences in litigation strategy and open the door to multiple, potentially conflicting standing determinations at different stages of a case, contrary to Supreme Court precedent and causing delay and confusion. To avoid this outcome, the Court should be guided by the relief requested in the United States' complaint and uphold intervenors' standing because their prayer for relief is essentially identical.

Respectfully submitted,

/s/ Michael D. Fiorentino
Michael D. Fiorentino
LAW OFFICE OF MICHAEL D. FIORENTINO
PA Bar No. 73576
42 E. Second St., Suite 200
Media, PA  19063
(610)-566-2166
mdfiorentino@gmail.com
*Attorney for Intervenor-Plaintiffs*

/s/ Robert M. Sussman
Robert M. Sussman
*Pro Hac Vice*
SUSSMAN & ASSOCIATES
DC BAR NO. 226746
3101 Garfield Street, NW
Washington, DC 20008
(202) 716-0118
bobsussman1@comcast.net

*Attorney for Intervenor-Plaintiff Center for Environmental Health and Jay De La Rosa*

*/s/ Paula Dinerstein*
Paula Dinerstein *Pro Hac Vice*
General Counsel
PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY

DC BAR NO. 333971
962 Wayne Avenue, Suite 610
Silver Spring, MD 20910
202-265-7337
pdinerstein@peer.org
*Attorney for Intervenor-Plaintiff Public Employees for Environmental Responsibility*

September 14, 2023

# **CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5.1.2.7(b), I certify that, on this date, I filed the foregoing Response of Intervenor-Plaintiff's to the Government's Notice of Additional Authority electronically with this Court using the ECF system and that the same is available for viewing and downloading from the ECF system to Counsel for the parties in this matter.

DATE: September 14, 2023

                                           */s/ Michael D. Fiorentino*
                                           Michael D. Fiorentino