IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| *Plaintiff*, | ) ) | Civil Action No. 5:22-cv-05055-JFM |
| CENTER FOR ENVIRONMENTAL HEALTH, PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, and JAY DE LA ROSA, | ) ) ) ) ) | |
| *Intervenor-Plaintiffs*. | ) ) | |
| v. | ) ) | |
| INHANCE TECHNOLOGIES LLC, | ) ) | |
| *Defendant*. | ) ) | |

## DEFENDANT'S NOTICE OF ISSUANCE OF UNILATERAL ORDER AND 90-DAY SUSPENSION OF SNUN REVIEW PERIOD

Catherine E. Stetson*
Susan M. Cook*
Adam M. Kushner*
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
Tel: (202) 637-5600
cate.stetson@hoganlovells.com

Virginia Gibson (PA Bar No. 32520)
HOGAN LOVELLS US LLP
1735 Market St., Floor 23
Philadelphia, PA 19103
Phone: (267) 675-4635
Fax: (267) 675-4601
virginia.gibson@hoganlovells.com

J. Tom Boer*
HOGAN LOVELLS US LLP
4 Embarcadero Center, Suite 3500
San Francisco, CA 94111
Tel: (415) 274-2300
tom.boer@hoganlovells.com

Dated: December 1, 2023

*Counsel for Inhance Technologies LLC*

*admitted pro hac vice

At the August 23 hearing on the various motions pending in this case, the Court asked to be notified "if there are any developments on the regulatory front" and of "the significance of [such] development." Transcript of Oral Argument at 115:7-15. Defendant Inhance Technologies LLC files this Notice consistent with that instruction.

Earlier today, the United States Environmental Protection Agency (EPA) took two related actions: (i) it issued two TSCA Section 5 Unilateral Orders for Significant New Use of Certain Chemical Substances to Inhance pursuant to Section 5(e) and Section 5(f) of TSCA (the Unilateral Orders); and (ii) it unilaterally extended the applicable review period for Inhance's Significant New Use Notices (SNUNs) by an additional ninety (90) days under its authority pursuant Section 5(c) of the Toxic Substances Control Act (TSCA).

The combined effect of these orders is as follows: The Unilateral Orders prohibits Inhance's 40-year old fluorination processes that are the subject of its SNUNs as significant new uses. The Unilateral Orders will become effective upon the end of the review period. And pursuant to the extension notice issued earlier today, EPA's extended review period will now conclusively terminate on February 28, 2024.[1]

The Unilateral Orders ignore the legal issues central to Inhance's motion to dismiss, including (i) whether the Significant New Use Rule (SNUR) at issue in this lawsuit, 40 C.F.R. § 721.10536, applies to Inhance or its fluorination process; (ii) whether the fluorination process constitutes a "new use"; (iii) whether the PFAS inadvertently generated during fluorination constitutes an impurity or a byproduct; and (iv) whether Inhance had fair notice of EPA's position on all of these issues.

---

[1] This latest deadline is final. Under TSCA, there is no basis for EPA to further extend the review period beyond the new February 28, 2024 deadline.

The Unilateral Orders will have a catastrophic impact on Inhance. As DOJ noted in its notice, they prohibit Inhance from manufacturing the specified chemical substances. The Unilateral Orders thus will shut down Inhance's fluorination process entirely—likely permanently, because the testing requirements imposed by EPA for return to operations are onerous, and because once business operations cease it is difficult if not impossible from a financial and customer-focused perspective for a company to start them up again. If permitted to take effect, the Unilateral Orders threaten the very existence of Inhance.

It is clear that the Unilateral Orders will have an impact on this case. As a practical matter, with the impending conclusion of the review period and issuance of the Unilateral Orders, Plaintiffs' pending motions for summary judgment are effectively mooted.

In contrast, however, Inhance's motions to dismiss remain highly relevant. Because the Unilateral Orders did not address the legal issues raised in Inhance's motions to dismiss, the issues presented in the motions to dismiss are now squarely before this Court.

For the foregoing reasons, Inhance requests that the Court grant its pending Motions to Dismiss and/or schedule a status conference to discuss the posture of this case due to these new developments.

Respectfully submitted,

/s/ *Virginia Gibson*
Virginia Gibson (PA Bar No. 32520)
HOGAN LOVELLS US LLP
1735 Market St., Floor 23
Philadelphia, PA 19103
Phone: (267) 675-4635
Fax: (267) 675-4601
virginia.gibson@hoganlovells.com

Catherine E. Stetson*
Susan M. Cook*

Adam Kushner*
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
Phone: (202) 637-5491
Fax: (202) 637-5910
cate.stetson@hoganlovells.com

J. Tom Boer*
HOGAN LOVELLS US LLP
4 Embarcadero Center, Suite 3500
San Francisco, CA  94111
Phone: (415) 374-2336
Fax: (415) 374-2499
tom.boer@hoganlovells.com

*admitted pro hac vice

Dated:  December 1, 2023                    *Counsel for Inhance Technologies LLC*