**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *Plaintiff,* *v.* **INHANCE TECHNOLOGIES LLC,** *Defendant.* | Civil Action No. 22-5055 |

**[PROPOSED] ORDER**

AND NOW, this ____ day of ______________, 2023, upon consideration of Plaintiff's unopposed motion for leave to file under seal unredacted copies of the two orders that the U.S. Environmental Protection Agency issued on December 1, 2023, concerning Defendant's Significant New Use Notices, and finding good cause for the same, it is hereby **ORDERED** that the motion is **GRANTED**, and the unredacted versions of the of the EPA's two orders concerning Defendant's Significant New Use Notices shall be filed under seal.

BY THE COURT:

_________________________________

HONORABLE JOHN F. MURPHY
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *Plaintiff,*<br><br>**v.**<br><br>**INHANCE TECHNOLOGIES LLC,**<br><br>***Defendant.*** | Civil Action No.22-5055 |

**Plaintiff's Unopposed Motion and Incorporated Memorandum for Leave to File Under Seal the Unredacted Copies of the EPA's Orders Concerning Defendant's Significant New Use Notices**

Under Federal Rule of Civil Procedure 5.2(d), and Local Rules 5.1.2(7) and 5.1.5(a) of the United States District Court for the Eastern District of Pennsylvania, the United States of America hereby moves the Court for leave to file under seal unredacted copies of the two administrative orders issued by the U.S. Environmental Protection Agency ("EPA") on December 1, 2023, concerning Defendant Inhance Technology LLC's ("Inhance's") Significant New Use Notices ("SNUNs"), attached hereto under seal ("EPA Orders"). Ex. 1 (Unredacted Section 5(e) Order), Ex. 2 (Unredacted Section 5(f) Order). Inhance and the Plaintiff-Intervenors have advised that they do not oppose this motion.

On December 1, 2023, the United States stated its intent to move to file under seal unredacted versions of the EPA Orders, DI 68, and on December 4, 2023, the Court directed the Government to do so by no later than December 11, 2023. DI 70. Consistent with its representations and the Court's order, the United States hereby seeks leave to file under seal the unredacted versions of the EPA Orders.

The United States notes that it plans to attach redacted copies of the EPA Orders as exhibits to the brief the Court requested and which is due December 11, 2023. *See* DI 70. Thus, the redacted versions will be available on the publicly-available docket. Moreover, EPA has already made the EPA Orders publicly available on its website. *See* EPA, *Reviewing New Chemicals under the Toxic Substances Control Act (TSCA)*, https://www.epa.gov/reviewing-new-chemicals-under-toxic-substances-control-act-tsca/epa-orders-issued-inhance (last updated Dec. 4, 2023).

As the United States has previously explained in seeking leave to file its complaint under seal, DI 2, it is well-established that federal courts have inherent authority to seal court filings from public disclosure. *See Nixon v. Warner Comm'ns, Inc.,* 435 U.S. 589, 598 (1978). A familiar reason for exercising this authority is to prevent the disclosure of trade secrets and confidential business information ("CBI"). *See, e.g.*, *Littlejohn v. Bic Corp.,* 851 F.2d 673, 685 (3d Cir. 1988) ("There is no public access right to those portions of the judicial record which contain trade secret or confidential business information."). Under Section 14 of TSCA, 15 U.S.C. § 2613(e), the EPA "shall protect from disclosure" information submitted by a regulated entity that the entity claims as confidential until the EPA "becomes aware that the information does not qualify for protection" from disclosure, and the EPA, in a written statement of reasons, denies or denies in part the claim of confidentiality. *See also* 40 C.F.R. §§ 2.203, 2.204(d), 2.306.

At the same time, there is also a common-law right of access to judicial records. *See In re Avandia Mktg., Sales Practices and Prods. Liab. Litig.*, 924 F.3d 662 (3d Cir. 2019). In *In re Avandia*, the Third Circuit stated that the common law "requires as a starting point the application of a presumption of public access" to judicial proceedings and records. *Id.* at 669,

672. The public right of access includes the right to inspect public records and documents, including judicial records. *Id.* at 672. "The right of access 'promotes public confidence in the judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by the court.'" *Id.* (quoting *Littlejohn.*, 851 F.3d at 678).

"To overcome the presumption of access, the party seeking to do so must show 'that the interests in secrecy outweighs the presumption,' and 'that disclosure will result in a serious injury to the party seeking protection.'" *Best Med. Int'l, Inc. v. Buchanan Ingersoll & Rooney PC, No.*, CV 20-1077, 2020 WL 12574939 (W.D. Pa. Aug. 24, 2020) (first quoting *Bank of Am. Nat'l Tr. & Sav. Ass'n. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986); then quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).

Here, the Defendant has alleged both prongs of this test are satisfied. In TSCA, Congress established that the EPA must protect from disclosure information that a regulated entity has alleged is confidential until the EPA becomes aware that the information does not qualify for protection. In regulatory filings with the EPA, Inhance has asserted CBI claims over certain information.

In addition, sealing is appropriate here because EPA has already made publicly available and because, today, the United States will be filing the redacted version of the EPA Orders into the publicly-available docket. The portions of the EPA Orders that are redacted are those that allegedly contain CBI. *See McCowan v. City of Philadelphia*, No. 2:19-CV-03326, 2021 WL 3737204 (granting sealing of personally identifying information concerning non-litigants where a redacted version of the document was also submitted because "redacting this information, as opposed to sealing the records wholesale, represents the least restrictive means available to protect the privacy interests at stake").

Wherefore, the United States requests that the Court grant this motion for leave to file under seal the attached unredacted EPA Orders.

Respectfully submitted,

**FOR THE UNITED STATES OF AMERICA**

**TODD KIM**
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

Dated: December 11, 2023

Richard Gladstein
**RICHARD GLADSTEIN**
Senior Counsel
**JONAH SELIGMAN**
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 514-1711
Richard.Gladstein@usdoj.gov
Jonah.Seligman@usdoj.gov

**JACQUELINE C. ROMERO**
United States Attorney
Eastern District of Pennsylvania

**GREGORY B. DAVID**
Chief, Civil Division

**ERIN E. LINDGREN**
Assistant United States Attorney
Office of United States Attorney
615 Chestnut Street, #1250

Philadelphia, Pennsylvania 19106
Erin.Lindgren@usdoj.gov

Of Counsel:
**N. LINSDAY SIMMONS**
**ALEXANDER DERGARABEDIAN**
Attorney-Advisors
Chemical Risk and Reporting Enforcement Branch
Waste and Chemical Enforcement Division
Office of Civil Enforcement, OECA
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., N.W.
Washington, D.C
(202) 564-3223
Simmons.lindsay@epa.gov
Dergarabedian.alexander@epa.gov

## CERTIFICATE OF SERVICE

The foregoing Unopposed Motion and Incorporated Memorandum for Leave to File Under Seal the Unredacted Copies of the EPA Orders Concerning Defendant's Significant New Use Notice has been filed electronically using the ECF system and is available for viewing and downloading from the ECF system. Counsel for the Plaintiff also has served by email an electronic copy of this Memorandum on counsel for Defendant and counsel for the Intervenor-Plaintiffs.

DATE: December 11, 2023

*/s/ Richard Gladstein*
RICHARD GLADSTEIN