**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff*, | ) | Civil Action No. 5:22-cv-05055-JFM |
| | ) | |
| v. | ) | |
| | ) | |
| INHANCE TECHNOLOGIES, LLC, | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |
| | ) | |

**PLAINTIFF-INTERVENORS SUPPLEMENTAL RESPONSE TO THE COURT'S
DECEMBER 4, 2023 ORDER CALLING FOR BRIEFING ON MOOTNESS ISSUES**

**I.  <u>The Fifth Circuit's Stay of the EPA Orders Changes the Mootness Analysis in This Case</u>**

In their December 11 Brief, Plaintiff-Intervenors argued that, upon the effective date of

the Environmental Protection Agency (EPA) orders under sections 5(e) and 5(f) of the Toxic

Substances Control Act (TSCA), the pending summary judgment motions of the United States

and Plaintiff-Intervenors will become moot, Inhance's motions to dismiss will serve no

continuing purpose, and this entire case should be dismissed as moot. ECF 75.

However, the premise of this argument was that the orders would take effect on February

24, 2024 according to their terms and Inhance would thereupon be obligated to implement their

prohibition of manufacture of PFAS during fluorination. This premise is no longer correct.

Yesterday, the Fifth Circuit Court of Appeals granted Inhance's unopposed motion to stay the

orders pending resolution of Inhance's petition for review under section 19 of TSCA.[1] Although

the Fifth Circuit has agreed to expedite briefing, the stay creates the prospect of an indefinite and

---

[1] The stay order is attached.

potentially protracted delay in implementing the prohibitions on PFAS manufacture imposed by the orders. In light of EPA's determinations that PFAS formation poses a serious threat of harm to millions of workers and consumers exposed to fluorinated containers, a delay in carrying out the orders will negate the protections that EPA found were critical for public health.

This change in circumstance alters the mootness analysis. With the orders no longer in effect as a result of the stay, Inhance will not be barred from producing PFAS for the duration of the Fifth Circuit proceeding and potentially longer.  These ongoing manufacturing activities represent a continuing violation of the long-chain perfluoroalkyl carboxylate (LCPFAC) (LCPFAC) significant new use rule (SNUR) at issue in this case. As the United States correctly explains in its brief, ECF 76, section 5(a)(1)(A) of TSCA expressly bars manufacture or processing of chemical substances for uses determined by EPA to comprise a "significant new use" unless all the conditions in section 5(a)(1)(B) have been met. These conditions include not just submission of significant new notices (SNUNS), review of those notices by EPA and an agency determination of unreasonable risk. EPA must also "take[] the actions required in association with that determination . . .within the applicable review period" AND the SNUN submitter must "compl[y] with any applicable requirement of or imposed pursuant to" orders under section 5(e) and 5(f). Inhance, of course, has no intention of complying with these requirements and, so long as the orders are stayed, EPA has effectively failed to complete the "actions required in association with" its determinations of unreasonable risk.

In consequence, the conditions for allowing manufacture of SNUR substances under section 5(a)(1)(A)(ii) have not been met and the prohibitions imposed by the SNUR remain in effect. Since the relief demanded in plaintiffs' and plaintiff-intervenors'complaints would restrain Inhance from violating the SNUR and such violations are occurring now and will continue

because of the stay of the orders, there is a live case or controversy and meaningful and effectual relief that can be granted, and thus an ongoing need for a judicial action. These considerations preclude this case from being moot.

**II.     Since the Inhance Violations are Ongoing and There is an Immediate Need for Relief, the Court Should Promptly Grant Plaintiff-Intervenors' Motion for Entry of an Injunction and Deny Inhance's Motions to Dismiss**

We part company with the Government, however, on the consequences that should flow from the lack of mootness. The United States' brief proposes a path forward that, we believe, is convoluted, time-consuming and unnecessarily complex and will defeat the Government's ostensible goal of obtaining timely and meaningful relief against Inhance's ongoing and dangerous TSCA violations.  We believe there is a better way forward.

First, we see no need for the filing of amended complaints. The current complaints adequately allege ongoing violations of the SNUR and request effective relief against those violations. The filing of amended complaints and any new motions to dismiss filed by Inhance will only result in more delay.

Second, if the rationale for continuing this case is the urgent need to restrain Inhance's ongoing and harmful formation of PFAS in violation of the SNUR and TSCA, a vehicle for granting that relief is readily at hand – plaintiff-intervenors' still-pending motion for full summary judgment and entry of an injunction. ECF 42. Although that motion would be moot if the EPA orders were to become enforceable on February 28, the Fifth Circuit stay creates a different dynamic because, as long as it is in effect, Inhance's conduct is governed by TSCA section 5's SNUR requirements and not by the orders, as Plaintiff-Intervenors originally assumed. Thus, the rationale articulated in the motion for finding Inhance liable for non-compliance with TSCA and enjoining it from producing PFAS remains valid. While the Court

raised the possibility of an evidentiary hearing on the motion at its August 23, 2023 hearing, Plaintiff-Intervenors demonstrated in their summary judgment brief that, under dispositive Supreme Court caselaw, the Court has no discretion to withhold injunctive relief upon finding a violation of TSCA section 5 and the traditional four-factor framework for invoking equitable remedies does not apply. At the August 23 hearing, the government agreed with this position. Transcript of August 23, 2023 hearing at 20.[2] We urge the Court to act promptly on our motion without a hearing in light of authoritative Supreme Court precedent and enter an order against PFAS formation by Inhance as soon as possible.

Finally, we acknowledge that Inhance's motions to dismiss are not moot given the Fifth Circuit's stay of the EPA orders but we strongly disagree with the United States that the next step is discovery on disputed issues of fact bearing on the motions' disposition. As we have shown in prior briefing, the plain meaning of the statute and wording of the SNUR compel the conclusion that *any* production of PFAS is a significant new use subject to the SNUR unless specifically exempted in the SNUR itself. Thus, Inhance's claim that it was unaware that the SNUR applied to the fluorination process (even if true) is not a basis for relieving it of liability for complying with the SNUR. Likewise, the plain meaning of EPA SNUR regulations is that Inhance's formation of PFAS during fluorination was the production of a "byproduct" subject to the SNUR and, even if there were any ambiguity in the regulations, EPA's interpretation would be entitled

---

[2] When asked whether the government disagreed with Plaintiff-Intervenors' position that an injunction was mandatory if a TSCA violation was found in this case, Mr. Gladstein responded for the Department of Justice that although the government was not seeking injunctive relief at the time, if it did, the court would be obligated to issue an injunction under TSCA just as the Supreme Court ruled it was under the Endangered Species Act. *See TVA v. Hill*, 437 U.S. 153 (1978).

to deference under *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019). Here too, discovery is unnecessary to rule on the motions.

Similarly, Inhance's argument that it lacked Constitutionally-required "fair notice" of the application of the SNUR is refuted by authoritative court of appeals decisions holding that the notice obligations of agencies are satisfied by publishing proposed and final rules in the Federal Register and affording the public the customary protections of the notice-and-comment process required by the Administrative Procedure Act (APA). *General Elec. Co. v. EPA*, 53 F.3d 1324, 1329 (D.C. Cir. 1995). No further discovery is therefore needed to conclude that Inhance's "fair notice" challenge to plaintiffs' claims is without merit.

In sum, all of the issues raised in Inhance's motions to dismiss are legal in nature and do not require conversion to a motion for summary judgment or discovery, as the Government suggests. Accordingly, the Court should promptly consider and then deny Inhance's motions either prior to or in conjunction with the consideration of the Intervenors' Motion for Summary Judgment and Entry of an Injunction

## CONCLUSION

Because the December 1, 2023 EPA orders are no longer in effect as a result of the Fifth Circuit's December 12, 2023 stay, the orders do not supersede the SNUR requirements of TSCA in defining Inhance's obligations and will not do so in an imminent timeframe. As a result, Inhance's ongoing violation of these requirements presents a case or controversy that precludes this case from being moot. The Court should therefore grant Plaintiff-Intervenors' pending Motion for Summary Judgment and Entry of an Injunction and deny Inhance's pending motions to dismiss.

Dated: December 13, 2023

Respectfully submitted,

*/s/ Michael D. Fiorentino*
Michael D. Fiorentino
LAW OFFICE OF MICHAEL D. FIORENTINO
PA Bar No. 73576
42 E. Second St., Suite 200
Media, PA  19063
(610)-566-2166
mdfiorentino@gmail.com
*Attorney for Intervenor-Plaintiffs*

/s/ Robert M. Sussman
Robert M. Sussman
*Pro Hac Vice*
SUSSMAN & ASSOCIATES
DC BAR NO. 226746
3101 Garfield Street, NW
Washington, DC 20008
(202) 716-0118
bobsussman1@comcast.net
*Attorney for Intervenor-Plaintiff Center for Environmental Health and Jay De La Rosa*

*/s/ Paula Dinerstein*
Paula Dinerstein *Pro Hac Vice*
General Counsel
PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY
DC BAR NO. 333971
962 Wayne Avenue, Suite 610 Silver Spring, MD 20910
202-265-7337
pdinerstein@peer.org
*Attorney for Intervenor-Plaintiff Public Employees for Environmental Responsibility*