**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **CIVIL ACTION** |
| | **:** | |
| **v.** | **:** | **NO.  22-5055** |
| | **:** | |
| **INHANCE TECHNOLOGIES, LLC** | **:** | |

## <u>ORDER</u>

**AND NOW**, this 19th day of March 2024, upon our review of the following:

- defendant Inhance Technologies LLC's motion to dismiss the government's complaint (DI 10) and accompanying briefing (DI 25, 27, 29),

- Inhance's motion to dismiss Intervenors' complaint (DI 40) and accompanying briefing (DI 41, 46),

- Intervenors' motion for summary judgment (DI 42) and accompanying briefing (DI 50, 51, 52, 53, 54),

- the arguments made by the parties at oral argument on August 23, 2023 (transcript at DI 58-2),

- the briefing we ordered (DI 74, 75, 76) in response to the notices filed by the United States and Inhance regarding the EPA's December 1, 2023 Unilateral Orders (DI 68, 69), and

- the parties' arguments at our December 14, 2023 case management conference (DI 79),

and in consideration of the related matter pending before the Fifth Circuit Court of Appeals, *see Inhance Techs. LLC v. EPA*, No. 23-60620 (5th Cir. 2023), it is **ORDERED**:

1.      Inhance's motion to dismiss the government's complaint (DI 10) is **DENIED with leave to refile** after the Fifth Circuit's decision in the above-captioned matter at a time to be determined later.

2.      Inhance's motion to dismiss Intervenors' complaint (DI 40) is **DENIED with leave to refile** after the Fifth Circuit's decision in the above-captioned matter at a time to be

determined later.

3.      Intervenors' motion for summary judgment (DI 42) is **DENIED as premature**.

Intervenors **shall have leave to refile** after the Fifth Circuit's decision in the above-captioned

matter at a time to be determined later.

4.      The matter is **STAYED** pending the Fifth Circuit's decision in the above-

captioned matter.

5.      We remind the parties to keep us informed of any significant developments,

including any opinions or orders of the Fifth Circuit.[1]  After a decision by the Fifth Circuit or

---

[1] This case raises issues with three bedrock principles of constitutional law without us having to ever substantively rule on a motion: standing, ripeness, and mootness.

At the outset, Inhance moved to dismiss and argued that the government's case was not ripe.  *See* DI 10-1 at 5-10.  Inhance reiterated its ripeness argument in its response to the government's summary judgment motion, which the government filed before (i) we ruled on a motion to dismiss, and (ii) the parties engaged in fact discovery.  *See* DI 49 at 6-7.  Following the EPA's issuance of Unilateral Orders on December 1, 2023 that would prohibit Inhance from fluorinating plastic containers, Inhance said that the government's and Intervenors' summary judgment motions went from being unripe to moot.  *See* DI 74 at 3-4.  Inhance argued that its appeal of the Unilateral Orders to the Fifth Circuit means the relief requested by *both* plaintiffs was now moot.  *See id.*

On the flipside, the government argued that its enforcement action was ripe at the pleadings stage, *see* DI 25 at 8-15, and summary judgment stage, *see* DI 52 at 1-5.  But after the EPA issued its Unilateral Orders, the government told us that, while the EPA's decision did not moot its request for relief, it mooted its summary judgment motion "which exclusively concern[ed] Inhance's conduct before EPA completed its review of the SNUNs."  DI 76 at 14-15.  Accordingly, the government said it wanted to withdraw its summary judgment motion.  So we denied it and granted the government leave to refile another one.  *See* DI 80 ¶ 2.

Thus, in the government's case, we are left with Inhance's motion to dismiss — where the only available basis for dismissal is Inhance's argument that its fluorination process is not a "significant new use" under TSCA.  *See* DI 10 at 10-13.  It strikes us as exceedingly likely that the Fifth Circuit will answer this question.  For that reason, we will refrain from ruling.

As for Intervenors, Inhance incorporated the same ripeness argument in its motion to dismiss Intervenors' complaint.  *See* DI 40-1 at 1.  At the time, Inhance argued that an administrative ruling by the EPA on Inhance's fluorination process "could very well moot this lawsuit."  *Id.*  In opposition to Intervenors' summary judgment motion, it said the same thing.

_____

*See* DI 50 at 18.

Intervenors opposed Inhance's motion to dismiss by "incorporat[ing] by reference the arguments" that the government made. DI 41 at 1. In other words, they agreed with the government that the case was ripe. Intervenors' position is further corroborated by the relief they request at summary judgment. Unlike the government, Intervenors requested summary judgment on its claims for declaratory *and* injunctive relief. *See* DI 42-6. Granting injunctive relief means that Inhance must cease the fluorination of plastic containers.

The difference in requested relief at summary judgment is where Intervenors part from the government. The government took the so-called "middle path" by requesting summary judgment on *only* its declaratory judgment cause of action. DI 58-2 at 16:14-17. The difference matters for two reasons.

*First*, the difference affected Intervenors' position on whether its summary judgment motion is moot. *See* DI 78-1 at 1. Once the EPA issued its Unilateral Orders, Intervenors were under the impression that they "would take effect on February 24, 2024." *Id.* Said differently, Inhance would have to stop fluorinating containers on February 24. But Inhance filed an "motion to stay" the Unilateral Orders "pending resolution" of its appeal to the Fifth Circuit, which the government did not oppose. *Id.* Intervenors argue that the stay allows Inhance to keep fluorinating containers in the meantime, therefore, it continues to violate the Toxic Substances Control Act. *Id.* at 2. As a result, Intervenors argue that their requests for declaratory and injunctive relief are not moot, and we should grant them summary judgment.

*Second*, standing. Perhaps anticipating a challenge from Inhance, Intervenors dedicated part of their motion for summary judgment to standing. *See* DI 42-1 at 7-11. Inhance's opposition brought a heavy challenge to whether Intervenors (PEER, CEH, and Mr. De La Rosa) carried their burden of establishing an injury-in-fact, causation, and redressability. *See* DI 50 at 6-16. In reply, Intervenors slightly pivoted and added that they are *not* required to demonstrate standing because they are after the same relief as the government, which has Article III standing. DI 51 at 1 (first citing *Town of Chester v. Laroe Ests., Inc.*, 581 U.S. 433, 439 (2017); then citing *Wayne Land & Min. Grp., LLC v. Del. River Basin Comm'n*, 959 F.3d 569 (3d Cir. 2020)).

Inhance found Intervenors' shifted position inapposite because they "seek different relief on summary judgment" from the government, and "there is no pathway for [us] to address Intervenors' request for injunctive relief without first addressing standing." DI 54 at 9. But at oral argument, Intervenors said that "the alignment between [their] claims and requests for relief and those of the government should be determined based on the *complaints* that each [had] filed." DI 58-2 at 95-96 (emphasis added). Put differently, if we line up the government's and Intervenors' complaints side-by-side, and they request identical forms of relief, Intervenors can take advantage of the government's standing. *See id.*

We would need to decide this question because we have "an independent obligation to assure that standing exists, regardless of whether it is challenged by any of the parties." *Summers v. Earth Island Inst.*, 555 U.S. 488, 499 (2009). And the question is an interesting one given that Intervenors filed an unopposed motion to intervene that argued their "claims are nearly identical to those of the [g]overnment." DI 30-1 at 7. But we acknowledge that this case has a different procedural posture than the ones Intervenors relied on. *See Town of Chester*, 581

other precipitating development, we will set a case management conference to discuss the

parties' intentions and an appropriate schedule.

**MURPHY, J.**

---

U.S. at 442 (denying motion *to intervene* under Federal Rule of Civil Procedure 24(a)(2) and holding "an intervenor of right must have Article III standing in order to pursue relief that is different from that which is sought by the party with standing"); *Wayne Land*, 959 F.3d at 575 n.6 (quoting *Town of Chester*, 581 U.S. at 439) ("[A] putative intervenor of right is therefore required to demonstrate Article III standing not only in cases where the relief it seeks is categorically distinct from that sought by the plaintiff, but also in cases where the intervenor 'seeks *additional* relief *beyond that* which the plaintiff requests.'").

    All in all, we can save the issues raised by Inhance's motion to dismiss Intervenors' complaint, as well as Intervenors' motion for summary judgment, for another day.  After the Fifth Circuit decides Inhance's appeal of the EPA's Unilateral Orders, we expect to have much more clarity on how this case should proceed, and we expect that much if not all of the current briefing will be superseded.