IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>INHANCE TECHNOLOGIES LLC, )<br>)<br>*Defendant*. )<br>) | Civil Action No. 5:22-cv-05055-JFM |

### INHANCE TECHNOLOGIES LLC'S NOTICE OF FIFTH CIRCUIT DECISION

Consistent with the Court's March 19, 2024 Order (DI 86), Inhance notifies the Court of the Fifth Circuit's decision in the related appeal styled *Inhance Techs. LLC v. EPA*, No. 23-60620 (5th Cir. 2023). Yesterday, the Fifth Circuit issued an opinion vacating the two Unilateral Orders that EPA issued against Inhance under the Significant New Use Rule (SNUR) that is at issue in this case. *See* DI 87-1.

In its opinion, the Fifth Circuit determined that EPA's effort to enforce the SNUR against Inhance's decades-old, existing use is not a valid exercise of its statutory authority under the Toxic Substances Control Act (TSCA), holding that "EPA's attempt to redefine 'new' to expand the reach of the SNUR does not pass muster." Op. at 10. For that reason, the Fifth Circuit ruled that EPA "exceeded its statutory authority" in enforcing the SNUR against Inhance. Op. at 2.

The Fifth Circuit also held that the "EPA's definition of 'significant new use' presents serious constitutional concerns" because the agency failed to give fair notice before seeking to enforce its novel interpretation of "new use" under TSCA against Inhance. Op. at 11. Given that predicting EPA's interpretation would have required Inhance to enlist the "aid of a psychic" "to

foresee that the EPA would regulate the fluorination industry" under the SNUR, the Fifth Circuit found that "such foresight is 'more than the law requires'" and that EPA's actions were unlawful on this basis as well.  Op. at 12 (citation omitted).

The Fifth Circuit's decision that Inhance's fluorination process is not subject to the SNUR or Section 5 of TSCA resolves the issues in this case, too.  To state the obvious:  Inhance cannot be faulted for failing to submit a significant new use notice under a regulatory regime that does not apply to its process.  Nor can it be mandated to shut down operations pending resolution of the agency administrative process under Section 5, especially now that the agency's orders have been vacated.

Inhance therefore renews its motions to dismiss, consistent with the Court's recent Order granting leave to do so "at a time to be determined later."  DI 86 at 1.  Inhance also requests that the stay this Court entered in its recent Order remain in effect pending the Court's resolution of Inhance's motions to dismiss.

    Respectfully submitted,

    /s/ *Virginia Gibson*
    Virginia Gibson (PA Bar No. 32520)
    HOGAN LOVELLS US LLP
    1735 Market St., Floor 23
    Philadelphia, PA 19103
    Phone:  (267) 675-4635
    Fax: (267) 675-4601
    virginia.gibson@hoganlovells.com

    Catherine E. Stetson*
    Susan M. Cook*
    Adam Kushner*
    HOGAN LOVELLS US LLP
    555 Thirteenth Street, NW
    Washington, D.C. 20004
    Phone: (202) 637-5491
    Fax: (202) 637-5910
    cate.stetson@hoganlovells.com

J. Tom Boer*
HOGAN LOVELLS US LLP
4 Embarcadero Center, Suite 3500
San Francisco, CA  94111
Phone: (415) 374-2336
Fax: (415) 374-2499
tom.boer@hoganlovells.com

*admitted *pro hac vice*

Dated:  March 22, 2024                    *Counsel for Inhance Technologies LLC*

3