**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>*Plaintiff*, | |
| **v.** | Civ. No. 5:22-CV-05055-JFM |
| **INHANCE TECHNOLOGIES LLC,**<br>*Defendant*. | |

### United States' Brief on How This Case Should Proceed

Plaintiff, the United States of America, on behalf of the United States Environmental Protection Agency, submits this brief pursuant to this Court's Order (DI 89) authorizing the parties to "submit written proposals regarding how the case should proceed" following the recent issuance of a panel opinion in the related case before the United States Court of Appeals for the Fifth Circuit, *Inhance Technologies, L.L.C. v. U.S. EPA*, No. 23-60620, --- F.4th ---, 2024 WL 1208967 (5th Cir. Mar. 21, 2023).

Consistent with this Court's decision to stay this case "pending decision in" the related Fifth Circuit matter (DI 86 at 2), the Court should continue to stay the case until the Fifth Circuit's mandate issues. It is well-settled that an appellate "'court's decisions are 'not final until [it] issue[s] a mandate.'" *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 467–68 (5th Cir. 2013) (quoting *United States v. Jackson,* 549 F.3d 963, 980 (5th Cir. 2008)). Because the Fifth Circuit's mandate has not issued, its decision is not yet final—it is subject to change.

The government is evaluating all options for further review of the panel's decision. Continuing the stay recognizes that additional review in the Fifth Circuit is possible and avoids prejudging the ultimate resolution of that case. The United States believes that it would be premature for the Court to lift its stay before the Fifth Circuit issues its mandate.

As explained below, unless the Fifth Circuit modifies when its mandate issues, the mandate will issue no earlier than May 12, 2024.  After the mandate issues, the United States requests the opportunity to offer appropriate briefing on the effect, if any, of the Fifth Circuit's decision on this case.

*        *        *

The following considerations govern when the Fifth Circuit's mandate will issue.[1]  Under Federal Rule of Appellate Procedure 41(b), the Fifth Circuit's "mandate must issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later.  The court may shorten or extend the time by order."  *See also Inhance Technologies, L.L.C. v. U.S. EPA*, No. 23-60620 (5th Cir. Mar. 21, 2024) (Judgment), ECF No. 187 at 2.  Under Federal Rule of Appellate Procedure Rule 40(a)(1), in a civil case where, as here, the United States or an agency of the United States is a party, a petition for panel rehearing may be filed "within 45 days after entry of judgment." *See* FED. R. APP. P. 36(a) ("A judgment is entered when it is noted on the docket."); *id.* 26(a)(1)(A) ("exclude the day of the event that triggers the [time] period" when computing time).  Likewise, a petition for rehearing en banc "must be filed within the time prescribed . . . for filing a petition for [panel] rehearing." *Id.* 35(c).

The United States thus has 45 days from March 21, 2024 (the date of entry of judgment), i.e., until May 5, 2024, to seek panel or en banc rehearing.  *See id.* 35(C), 40(a)(1).  If the United States elects not to request rehearing, then the mandate will issue 7 days thereafter, i.e., May 12,

---

[1] The mandate is effective when issued.  FED. R. APP. P. 41(c).  Unless the court orders that a "formal mandate issues, the mandate consists of a certified copy of the judgment, a copy of the court's opinion, if any, and any direction about costs." *Id.* 41(b).

2024, unless the Fifth Circuit "shorten[s] or extend[s] the time" before the mandate issues. *Id*.
41(b).

Even if no party requests further review, under the Fifth Circuit's Internal Operating
Procedures ("IOP"), "any active Fifth Circuit Judge may request that the Court withhold issuance
of its mandate." 5th Cir. IOP to FED. R. APP. P. 41; *see also United States v. Ramirez*, 82 F.4th
384, 385-86 & n.3 (5th Cir. 2023) (Smith, J., dissenting from denial of rehearing en banc)
(observing that "judges [can] request a *sua sponte* poll" for en banc review even in cases where
the losing party does not seek additional review and that this procedure had occurred one month
earlier and resulted in en banc review in *United States v. Campos-Ayala*, 70 F.4th 261 (5th Cir.
2023), *vacated for reh'g en banc*, 81 F.4th 460 (5th Cir. Aug. 31, 2023)).[2] When a judge
requests that the mandate be withheld, "the Clerk will enter an order withholding the mandate."
5th Cir. IOP to FED. R. APP. P. 41.

Given that the Fifth Circuit has not yet rendered a final decision, the United States
believes that maintaining the stay until the Fifth Circuit's mandate issues comports with the letter
and spirit of the Court's order staying this case "pending the Fifth Circuit's decision." (DI 89).
Indeed, the concerns over "comity and prudence" that the Court earlier cited as reasons to avoid
ruling on overlapping issues until resolution of the Fifth Circuit case would continue to apply
with equal force until that related case is fully and finally resolved. Trans. of Dec. 14, 2023 Case

---

[2] *Id*. at 386 n.3 ("The panel opinion [vacating a conviction] had issued on May 10, but the
mandate of this court had not. The attorneys and the district court overlooked the latter.
Unbeknownst to this court, in late June the attorneys, by agreement and thinking the case was
over, had moved, in the district court, for judgment of dismissal of the indictment and Ramirez's
release from custody. The district court complied. Once this court became aware of that, it, on
August 1, directed the attorneys to explain, suggesting that the district court was without
jurisdiction in the absence of a mandate. The attorneys and court conscientiously agreed to
withdrawal of the orders.").

Management Conference at 26 (DI 84).  Thus, maintaining the stay until the mandate issues is congruent with the Court's stated reasons to wait for a final decision from the Fifth Circuit before ruling on this case.

Last, Defendant Inhance Technologies LLC suffers no prejudice from continuing the stay.  Rather, the Court would merely preserve the status quo, i.e., a stay of the litigation. Moreover, Inhance expressly requested that, under the present procedural posture, this case be paused until the Fifth Circuit case is concluded.  Trans. of Dec. 14, 2023 Case Management Conference at 16 (DI 84) (Counsel for Inhance: "[I]f this Court is not inclined to dismiss . . . [w]e think it would be appropriate in that circumstance for the Court to simply hold this case in abeyance pending a determination from the Fifth Circuit.").

After the Fifth Circuit's mandate issues, the United States asks that the Court provide the parties the opportunity to brief the impact, if any, of the Fifth Circuit's decision on this case.

The United States will continue to inform the Court of any further orders by the Fifth Circuit, including of the issuance of that court's mandate.

### <u>Conclusion</u>

The United States asks the Court to continue to stay this case until the Fifth Circuit issues its mandate.  Once that occurs, the United States requests that the parties be allowed to brief the Court on the effect, if any, of the Fifth Circuit's final decision on this matter.

Respectfully submitted,

Date: April 8, 2024 **FOR THE UNITED STATES OF AMERICA**

**TODD KIM**
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

 /s/ Richard Gladstein
**RICHARD GLADSTEIN**, D.C. Bar #362404
Senior Counsel
**JONAH SELIGMAN**, La. Bar #38890
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611
(202) 514-1711
Richard.Gladstein@usdoj.gov
Jonah.Seligman@usdoj.gov

**JACQUELINE C. ROMERO**
United States Attorney
Eastern District of Pennsylvania

**GREGORY B. DAVID**
Chief, Civil Division

**ERIN E. LINDGREN**
Assistant United States Attorney
Office of United States Attorney 615 Chestnut Street, #1250
Philadelphia, Pennsylvania 19106
Erin.Lindgren@usdoj.gov

Of Counsel:
**N. LINSDAY SIMMONS**
**ALEXANDER DERGARABEDIAN**
Attorney-Advisors
Chemical Risk and Reporting Enforcement Branch
Waste and Chemical Enforcement Division | Office of Civil Enforcement, OECA
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., N.W.
Washington, D.C
(202) 564-3223
Simmons.Lindsay@epa.gov
Dergarabedian.Alexander@epa.gov

## <u>CERTIFICATE OF SERVICE</u>

The foregoing notice has been filed electronically using the ECF system and is available for viewing and downloading from the ECF system.  Counsel for the Plaintiff also has served by email an electronic copy of this notice on counsel for Defendant and counsel for Intervenor-Plaintiffs Center for Environmental Health, Public Employees for Environmental Responsibility, and Mr. Jay De La Rosa.

DATE: April 8, 2024                     */s/ Richard Gladstein*
                                        RICHARD GLADSTEIN