IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                     )<br>       *Plaintiff*,                  )<br>                                     )<br>       v.                            )<br>                                     )<br>INHANCE TECHNOLOGIES LLC,            )<br>                                     )<br>       *Defendant*.                  )<br>                                     ) | Civil Action No. 5:22-cv-05055-JFM |

**<u>INHANCE TECHNOLOGIES LLC'S CASE RESOLUTION PROPOSAL</u>**

Consistent with the Court's March 22, 2024 Order (DI 89), Inhance Technologies LLC submits this proposal regarding how this case should proceed.

By way of brief background: The Government's and Intervenors' Complaints in this case are based on alleged violations of Section 5 of TSCA, which governs "significant new use[s]" of certain chemical compounds. *See* DI 3 ¶¶ 6, 14–19, 25, 27, 53, 56–59, 61, 63, 66–69, 72 & at 15 (Government's Complaint); DI 36 ¶¶ 8, 45–46, 55, 102, 110 & at 27 (Intervenors' Complaint). The Fifth Circuit has now held that it was unlawful for EPA to attempt to regulate Inhance's decades-old fluorination process under Section 5, and has vacated both Unilateral Orders EPA issued following its Section 5 review. *Inhance Techs., LLC v. EPA*, No. 23-60620, 2024 WL 1208967, at *1, *6 (5th Cir. Mar. 21, 2024).

1.      Because the Fifth Circuit's ruling eliminates the legal basis for the Government's enforcement action, Inhance intends to orally renew its motions to dismiss at the upcoming case management conference. Inhance will argue that dismissal is the only appropriate path forward in this case—for the reasons Inhance set out in its motion to dismiss the Government's Complaint,

DI 10-1 at 10–13, and its motion to dismiss the Intervenors' Complaint, DI 40-1 at 1—which are the same reasons the Fifth Circuit gave:  EPA exceeded its statutory authority in attempting to regulate Inhance's fluorination process as a "significant new use" under TSCA Section 5, and Inhance lacked fair notice of EPA's interpretation of "significant new use" at the time EPA promulgated the Significant New Use Rule (SNUR) the agency sought to enforce against Inhance.

The relief the Government and Intervenors requested in their Complaints also is now moot. TSCA permits the Government to seek to "restrain" violations of or "compel" compliance with the relevant provisions of TSCA.  *See* 15 U.S.C. § 2616(a) (describing extent of federal district court jurisdiction).  The Government's Complaint and Intervenors' derivative Complaint alleged that Inhance [1] should be compelled to submit a Significant New Use Notice (SNUN) and [2] that its fluorination process should be shut down pending completion of the SNUN process.  DI 3 (Government's Complaint); DI 36 (Intervenors' Complaint).  Inhance submitted SNUNs under protest in December 2022; EPA completed its SNUN review process and issued two Unilateral Orders against Inhance in December 2023; and the federal appeals court vested with exclusive jurisdiction to review those EPA Orders vacated them.  In doing so, the Fifth Circuit held that Inhance's fluorination process is not subject to TSCA Section 5.  There accordingly is nothing for this Court to "restrain" or "compel" in a TSCA Section 5 enforcement action, as all of the jurisdictional bases for this Court to afford relief under the statute have been overtaken by intervening events.  15 U.S.C. §§ 2604, 2614, 2616.

To the extent the Government or the Intervenors maintain that there are any issues left to litigate in this Court, that position raises a number of questions:

Which aspect of TSCA's judicial-review scheme authorizes a federal district court to enforce compliance with a statutory scheme that the Fifth Circuit has rejected as inapplicable to Inhance's fluorination process, in a direct review of a Section 5 order?

And how could this Court fashion relief that would remedy the alleged statutory violation—that Inhance did not halt its fluorination process *while EPA continued its administrative review*—when that now-completed administrative review produced Orders that the Fifth Circuit has set aside as unlawful?

2. The Government and Intervenors might also urge that another round of briefing is appropriate. Inhance's position is that yet another round of motion-to-dismiss briefing will squander the resources of the Court and the parties alike. Inhance moved to dismiss this case in February 2023. DI 10. After expending substantial resources opposing two hasty and meritless summary-judgment motions in this Court—while EPA was reviewing the SNUNs that the agency insisted Inhance submit—Inhance challenged EPA's Unilateral Orders as soon as the agency issued them, in the court of appeals with jurisdiction over that challenge. This Court subsequently indicated that it would take up the issues raised in Inhance's motions to dismiss once the Fifth Circuit ruled. DI 86. Now that the Fifth Circuit has ruled, there remains no colorable legal argument that this case can proceed.

3. Prompt dismissal is appropriate. In the period preceding the Court's resolution of Inhance's renewed request for dismissal, no further motions should be filed absent leave of Court. If the Court is inclined to direct the parties to further memorialize in writing their positions on dismissal, Inhance would be prepared to do so in the form of another Rule 12 motion as soon as April 15, 2024. Consistent with Local Civil Rule 7.1(c) (setting 14-day deadline for responses to motions) and Paragraph 9 of this Court's Policies and Procedures (setting 7-day reply deadline),

briefing should conclude no more than 21 days after Inhance files another motion to dismiss. For the reasons explained above, however, Inhance maintains that the Court can and should dismiss the Complaints now based on the full record before it.

4. The Government's submission in response to the Court's Order seeks simply to continue the stay pending issuance of the mandate. DI 90 at 1–2. Inhance takes no position on that request. But Inhance does take issue with the suggestion that there be yet another round of briefing in this Court after the mandate issues. *Id.* at 4. This Court's Order presented the opportunity to brief the Court on the path forward. Inhance has taken that opportunity. The Government has just requested to kick the can further down the road. If the Court permits yet further briefing at a later time, Inhance requests that the schedule be swift and the briefing short.

Respectfully submitted,

/s/ *Virginia Gibson*
Virginia Gibson (PA Bar No. 32520)
HOGAN LOVELLS US LLP
1735 Market St., Floor 23
Philadelphia, PA 19103
Phone: (267) 675-4635
Fax: (267) 675-4601
virginia.gibson@hoganlovells.com

Catherine E. Stetson*
Susan M. Cook*
Adam Kushner*
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
Phone: (202) 637-5491
Fax: (202) 637-5910
cate.stetson@hoganlovells.com

J. Tom Boer*
HOGAN LOVELLS US LLP
4 Embarcadero Center, Suite 3500
San Francisco, CA 94111
Phone: (415) 374-2336

Fax: (415) 374-2499
tom.boer@hoganlovells.com

*admitted *pro hac vice*

Dated:  April 8, 2024                    *Counsel for Inhance Technologies LLC*

5

**CERTIFICATE OF SERVICE**

I certify that on April 8, 2024, I electronically filed the foregoing proposal using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties of record.

/s/ *Virginia Gibson*
Virginia Gibson