IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| *Plaintiff*, | ) ) | Civil Action No. 5:22-cv-05055-JFM |
| v. | ) ) ) | |
| INHANCE TECHNOLOGIES LLC, | ) ) | |
| *Defendant*. | ) ) | |

### INHANCE TECHNOLOGIES LLC'S BRIEF IN RESPONSE TO THE COURT'S MAY 14, 2024 ORDER

The Government—later joined by Intervenors—filed this action seeking to compel Inhance to submit a Significant New Use Notice (SNUN) and shut down its fluorination process pending completion of the resulting administrative process. Both Complaints are premised on Inhance's alleged violations of Section 5 of the Toxic Substances Control Act (TSCA), and seek to compel compliance with the SNUN process contemplated in that section. The United States Court of Appeals for the Fifth Circuit has now resoundingly rejected the argument that Inhance's process is governed by Section 5 or otherwise subject to the Section 5 SNUN process. *Inhance Techs., LLC v. EPA*, 96 F.4th 888, 889, 895 (5th Cir. 2024). What remains of this case should therefore be disposed of on the merits, with prejudice.

This Court ordered briefing on two issues: (1) whether the United States is entitled to a voluntary dismissal in light of the presence of the intervenors; and (2) whether the action may or must be maintained in the absence of the United States as a party. DI 98.

On the first issue, Inhance does not contest that the Government may voluntarily dismiss its action under Fed. R. Civ. P. 41(a)(1)(A)(i). However, the Government aggressively and

purposefully sought a decision on the merits when it moved for summary judgment before Inhance had an opportunity to answer the Government's Complaint.  In view of the extensive briefing on the merits of the case and the considerable costs incurred by Inhance in opposing the Government's early motion for summary judgment, to the extent that the Court addresses the question of dismissal, Inhance believes such dismissal should be *with* prejudice on the applicability of Section 5 to the above-identified Inhance fluorination process, not without.

On the second issue, Intervenors' action should be dismissed on the merits, with prejudice, for all the reasons previously explained.[1]  The arguments Inhance previously made in its briefing now apply with even more resounding force:  The Fifth Circuit's ruling eliminates the legal basis for Intervenors' Complaint, which seeks to enforce compliance with a SNUN process that does not apply to Inhance.  DI 36 ¶¶ 8, 55, 102, 110, at 27.  As the Fifth Circuit explained, "Inhance's forty-year-old fluorination process is not a 'significant new use' " and the United States Environmental Protection Agency (EPA) exceeded its statutory authority in attempting to regulate Inhance's fluorination process as a "significant new use" under TSCA Section 5. *Inhance Techs.*, 96 F.4th at 892–893.  The Fifth Circuit also found that Inhance lacked fair notice of EPA's interpretation of the law at the time EPA promulgated the Significant New Use Rule (SNUR).  *Id.* 894–895; *see also* DI 10-1 at 10–13; DI 40-1 at 1.  Because Inhance's process is not governed by TSCA Section 5 or the SNUR, dismissal is the only appropriate path forward in this case.

The relief Intervenors requested in their Complaint is also now moot.  The Intervenors' Complaint alleges that Inhance (1) should be compelled to submit a SNUN; and (2) that its fluorination process should be shut down pending completion of the SNUN process.  DI 36 at 26–

---

[1]  Inhance incorporates by reference the arguments made in support of its prior motions to dismiss and in opposition to the Government's and Intervenors' motions for summary judgment.  *See* DI 10, 10-1, 27, 40, 40-1, 46, 49, 50, 54.

27. The Fifth Circuit, which had jurisdiction over the SNUN pathway and the orders issued by EPA upon completion of the SNUN review process, has now definitively confirmed that the SNUN pathway is not applicable here.  This Court cannot remedy the alleged statutory violation—when the agency Orders resulting from the administrative process have already been set aside as unlawful.  In short, all of the bases for this Court to afford relief under the statute have been overtaken by intervening events.  15 U.S.C. §§ 2604, 2614, 2616.

For all of these reasons, and those explained in Inhance's prior briefs, the Court should end this litigation once and for all and dismiss Intervenors' Complaint on the merits, with prejudice.

Respectfully submitted,

/s/ *Virginia Gibson*
Virginia Gibson (PA Bar No. 32520)
HOGAN LOVELLS US LLP
1735 Market St., Floor 23
Philadelphia, PA 19103
Phone:  (267) 675-4635
Fax: (267) 675-4601
virginia.gibson@hoganlovells.com

Catherine E. Stetson*
Susan M. Cook*
Adam Kushner*
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
Phone: (202) 637-5491
Fax: (202) 637-5910
cate.stetson@hoganlovells.com

J. Tom Boer*
HOGAN LOVELLS US LLP
4 Embarcadero Center, Suite 3500
San Francisco, CA  94111
Phone: (415) 374-2336
Fax: (415) 374-2499
tom.boer@hoganlovells.com

*admitted *pro hac vice*

Dated:  May 17, 2024                              *Counsel for Inhance Technologies*

## **CERTIFICATE OF SERVICE**

I certify that on May 17, 2024, I electronically filed the foregoing proposal using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties of record.

/s/ Virginia Gibson