IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> INHANCE TECHNOLOGIES LLC, ) <br> ) <br> *Defendant*. ) <br> ) <br> _____) | Civil Action No. 5:22-cv-05055-JFM |

**BRIEF OF INTERVENOR-PLAINTIFFS PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY,
CENTER FOR ENVIRONMENTAL HEALTH AND JAY DE LA ROSA IN RESPONSE TO THE COURT'S MAY 14, 2024 ORDER**

The Court's May 14, 2024 Order requests briefing on whether "the United States is entitled to a voluntary dismissal in light of the presence of the intervenors, and whether the action may or must be maintained in the absence of the United States as a party."

Plaintiff-Intervenors Public Employees for Environmental Responsibility ("PEER"), Center for Environmental Health ("CEH") and Jay De La Rosa are today filing their own notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i). As with the notice filed by the United States on May 13, 2024, plaintiff-intervenors may voluntarily dismiss their case under Rule 41(a)(1)(A)(i) because defendant Inhance Technologies LLC ("Inhance") has not "serve[d] an answer or a motion for summary judgment." Under the terms of the Rule, plaintiff-intervenors' notice is self-executing and results in a "dismissal . . . without prejudice."

With the filing of plaintiff-intervenors' notice of voluntary dismissal, they are no longer pursuing their claims against Inhance. Thus, with all plaintiffs seeking voluntary dismissal, it is no longer an issue whether the United States could have invoked Rule 41(a)(1)(A)(i) had the

1

intervenors remained in the case. It is also now immaterial whether intervenors' claims "may or must be maintained in the absence of the United States as a party."

The Complaint of the United States in this case was filed on December 18, 2022. After submitting the requisite 60-day notice to the Environmental Protection Agency ("EPA") on October 27, 2022, plaintiff-intervenors had filed a citizens enforcement action against defendant Inhance on December 27, 2022 under section 20(a) of the Toxic Substances Control Act ("TSCA") in the District Court for the District of Columbia. *Ctr. for Env't. Health et al. v. Inhance Techs. USA*, Civ. A. No. 22-03819. Inhance filed a motion to dismiss that case on February 6, 2023 (ECF 14) and the Government filed an amicus brief in support of the motion on March 6, 2023 (ECF 20). The basis for the motion was TSCA section 20(b)(1)(B), which bars citizens' enforcement suits "if the Attorney General has commenced and is diligently prosecuting a civil action in a court of the United States to require compliance with this Act or with such rule or order." 15 U.S.C. § 2619(b)(1)(B).

Despite questions about whether the Government was diligently prosecuting its case in this Court, District Judge Boasberg dismissed plaintiff-intervenors' complaint on April 6, 2023 (ECF 25). The dismissal was without prejudice; Judge Boasberg's opinion stated that "should DOJ's conduct over the coming years suggest that it is no longer diligently pursuing the case, Plaintiffs may return with a new action." Plaintiff-intervenors' thereupon filed an unopposed motion to intervene in the instant case on April 24, 2023 (ECF 30-1). The motion was based on TSCA section 20(b)(1)(B), which provides that where a citizens' suit is barred because of a prior action by the Government, the citizen "may intervene as a matter of right" in that suit if it was "commenced after the giving of notice." This Court granted intervention on April 26, 2023 (ECF 33).

Given the Government's decision to withdraw its case and the many changes in circumstance that have occurred since the Court granted intervention, plaintiff-intervenors no longer seek to litigate their claims against Inhance in this forum. Because their voluntary dismissal here is without prejudice, as was the earlier dismissal in the District of Columbia, they retain the right to seek the same or similar relief in a new case.

May 17, 2024

        Respectfully submitted,

*/s/ Michael D. Fiorentino*
Michael D. Fiorentino
LAW OFFICE OF MICHAEL D. FIORENTINO
PA Bar No. 73576
42 E. Second St., Suite 200
Media, PA  19063
(610)-566-2166
mdfiorentino@gmail.com
*Attorney for Intervenor-Plaintiffs*

*/s/ Robert M. Sussman*
Robert M. Sussman
*Pro Hac Vice*
SUSSMAN & ASSOCIATES
DC BAR NO. 226746
3101 Garfield Street, NW
Washington,
DC 20008
(202) 716-0118
bobsussman1@comcast.net
*Attorney for Intervenor-Plaintiff Center for Environmental Health and Jay De La Rosa*

*/s/ Paula Dinerstein*
Paula Dinerstein
*Pro Hac Vice*
 General Counsel
PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY
DC BAR NO. 333971
962 Wayne Avenue, Suite 610 Silver Spring, MD 20910
202-265-7337

3

pdinerstein@peer.org
*Attorney for Intervenor-Plaintiff Public Employees for Environmental Responsibility*