<u>**IN THE UNITED STATES DISTRICT COURT**</u>
<u>**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| *Plaintiff,* | |
| **v.** | CIVIL ACTION NO. 22-5055 |
| **INHANCE TECHNOLOGIES LLC,** | |
| *Defendant.* | |

<u>**United States' Brief on its Voluntary Dismissal and Maintenance of Action**</u>

Plaintiff the United States submits this brief pursuant to the Court's order directing the parties to brief "whether the United States is entitled to a voluntary dismissal in light of the presence of the intervenors, and whether the action may or must be maintained in the absence of the United States as a party."  DI 98.

Under the plain text of Federal Rule of Civil Procedure 41(a)(1)(A)(i) and the caselaw construing it, the United States' notice of voluntary dismissal (DI 97) is valid and effective.  The notice "automatic[ally] and immediate[ly]" dismissed without prejudice the United States' action against Defendant Inhance Technologies LLC ("Inhance")—and this is so irrespective of the presence of Intervenor-Plaintiffs.  *In re Bath & Kitchen Fixtures Antitrust Lit.*, 535 F.3d 161, 165 (3d Cir. 2008).  Where, as here, a plaintiff validly dismisses its action under Rule 41(a)(1)(A)(i), "no order of the district court is needed to end the action."  *Id.*  The United States' action is over.

The United States takes no position on whether the *Intervenor-Plaintiffs*' case may or must proceed without it as a party.  It notes, though, that Intervenor-Plaintiffs' Article III standing is a jurisdictional—and thus threshold—issue that the Court must decide before it may address merits issues.  *See, e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998).

## <u>Argument</u>

**A.  Under the Text of Rule 41(a)(1)(A)(i) and Third Circuit Precedent, the United States' Validly Dismissed its Complaint**

Rule 41(a)(1)(A)(i) authorized the United States to voluntarily dismiss its action against Inhance.  That provision permits a plaintiff to "dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."  FED. R. CIV. P. 41(a)(1)(A)(i).  Those conditions are met here.  For *Plaintiff* the United States, the only "opposing party" is *Defendant* Inhance.  *Id.*  And Inhance has not served an answer nor motion for summary judgment.  Although Inhance has moved to dismiss Plaintiffs' and Intervenor-Plaintiffs' pleadings, that does not matter for purposes of Rule 41(a)(1) voluntary dismissal.  *See Manze v. State Farm Ins. Co.*, 817 F.2d 1062, 1065-66 (3d Cir. 1987) (holding that a defendant's filing of a motion to dismiss does not bar a plaintiff from voluntarily dismissing its action under Rule 41(a)(1)).  So, under the plain terms of Rule 41(a)(1)(A)(i), the United States validly dismissed its action.  *See id.*

Courts apply the plain meaning of Rule 41(a)(1).  *See id.* at 1066 (Although defendant had moved to dismiss, "plain language of Rule 41(a)(1)" authorized plaintiff's voluntary dismissal.); *accord Harvey Specialty & Supply, Inc. v. Anson Flowline Equip. Inc.*, 434 F.3d 320, 324 n.15 (5th Cir. 2005)).  Accordingly, it is irrelevant for purposes of Rule 41(a)(1) voluntary dismissal that the *United States* moved for summary judgment.  *See, e.g.*, *Pilot Freight Carriers, Inc. v. Intl. Broth. of Teamsters*, 506 F.2d 914, 915-16 (5th Cir. 1975) (upholding validity of Rule 41(a)(1) notice of dismissal where plaintiff filed its notice before defendant served an answer or motion for summary judgment and rejecting defendant's argument that voluntary dismissal was improper given the "extensive" proceedings, namely, that plaintiff had "argued, and lost, a motion for preliminary injunctive relief").  Where, as here, the requirements of Rule

41(a)(1)(A)(i) are met, a plaintiff's right to dismiss under it is "unfettered." *In re Bath &*
*Kitchen Fixtures Antitrust Lit.*, 535 F.3d at 165; *accord Marques v. Fed. Res. Bank of Chicago*,
286 F.3d 1014, 1017 (7th Cir. 2002) (right is "absolute" until "defendant serves an answer or a
motion for summary judgment," citing four other circuits).

### 1.  The United States' Voluntary Dismissal was Effective Irrespective of Intervenor-Plaintiffs' Presence in this Case

For three reasons, Intervenor-Plaintiffs' presence here does not affect the United States'
right to dismiss its action under Rule 41(a)(1)(A)(i).  *First*, Intervenor-*Plaintiffs* are not an
"opposing party" vis-à-vis Plaintiff the United States.  *See* FED. R. CIV. P. 41(a)(1)(A)(i) (barring
voluntary dismissal when an "opposing party serves either an answer or a motion for summary
judgment"); DI 33 (granting intervention to "intervenor-plaintiffs").  To the contrary, these
parties are on the same side of the "v."  And they are aligned on the core of this case: both filed
complaints against Defendant Inhance alleging that it is liable for ongoing violations of the Toxic
Substances Control Act and prayed for substantially similar relief under the statute.  *Compare* DI
1 (United States' Complaint), *with* DI 36 (Intervenor-Plaintiffs' Complaint).  That Intervenor-
Plaintiffs moved for summary judgment seeking injunctive relief (which the United States did
not oppose) does not convert the parties into adversaries; tactical differences do not alter the
parties' overall alignment.  *Cf.* FED. R. CIV. P. 41 advisory committee's note to 1946 amendment
(equating opposing party with "adverse party").

Nor have the United States and Intervenor-Plaintiffs filed crossclaims.  That would have
been the only way the United States and Intervenor-Plaintiffs could be deemed "opposing
parties."  But that did not occur.

The United States has located no authority suggesting—let alone holding—that a plaintiff
and intervenor-plaintiff may be deemed "opposing part[ies]" in this posture.

*Second*, even if the United States and Intervenor-Plaintiffs were somehow considered "opposing part[ies]," the government's notice of dismissal under Rule 41(a)(1)(A)(i) is still effective to dismiss its action against Inhance.  Even where a plaintiff seeks to dismiss claims against some but not all parties adverse to it, the Third "Circuit . . . recognizes that . . . [R]ule [41(a)] allows" this provided the plaintiff dismisses *all* claims against the party it's dismissing. *Noga v. Fulton Fin. Corp. Emp. Benefit Plan*, 19 F.4th 264, 271 n.3 (3d Cir. 2021) (first citing *Young v. Wilky Carrier Corp.*, 150 F.2d 764, 764 (3d Cir. 1945); then citing 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE [hereinafter "WRIGHT & MILLER"] § 2362 (4th ed. 2020) (explaining that "the sounder view and the weight of judicial authority" are that Rule 41(a) permits dismissal of all claims against one party and does not require dismissal of all claims against all parties)).[1]  Here, the United States has dismissed *all* its claims against Defendant Inhance.

And under Rule 41(a)(1)(A)(i) plaintiffs may dismiss their claims against any opposing party that has not served an answer or motion for summary judgment, even if *other* opposing parties have served such a filing and thus cannot be dismissed under this provision.  *See, e.g.*, *Madsen v. Park City*, 6 F. Supp. 2d 938, 943 (N.D. Ill. 1998); *Aggregates (Carolina), Inc. v. Kruse,* 134 F.R.D. 23, 25–26 (D.P.R. 1991); *Sheldon v. Amperex Elec. Corp.*, 52 F.R.D. 1, 9 (E.D.N.Y. 1971).  So, even if Intervenor-Plaintiffs are considered an opposing party, the United

---

[1] *See also Grim v. Fedex Ground Package Sys., Inc.*, 2020 WL 587846, at *3 (D.N.M. 2020) ("The weight of authority holds that, where, as here, there are multiple defendants, 'Rule 41(a)(1) allows a plaintiff to dismiss without any court order any defendant who has yet to serve an answer or a motion for summary judgment.'" (quoting *Van Leeuwen v. Bank of Am., N.A.*, 304 F.R.D. 691, 693 (D. Utah 2015)).

States may still dismiss its action as to Inhance even though Intervenor-Plaintiffs have served a motion for summary judgment.[2]

In short, courts construe a plaintiff's right to dismiss "an action" under Rule 41(a)(1)(A) as permitting a plaintiff to dismiss all its claims against one party, while allowing the case to proceed against other, remaining parties. *See, e.g.*, *Noga*, 19 F.4th at 270-71 (plaintiff dismissed claims against one defendant under Rule 41(a)(1)(A) while continuing to prosecute case against another defendant).

*Third*, since a plaintiff may dismiss all its claims against some adverse parties but not others under Rule 41(a)(1)(A)(i), *see id.*, *a fortiori* it may dismiss its entire action, while not interfering with the right of a coparty or intervenor-plaintiff to proceed with its action. Here, the United States dismissed only *its* action; it has not sought or purported to dismiss Intervenor-Plaintiffs' complaint or action. *See* DI 97 (stating that "the United States . . . hereby gives notice that it voluntarily dismisses *its* action" (emphasis added)); *see also U.S. Steel Corp. v. EPA*, 614 F.2d 843, 845 (3d Cir. 1979) ("The weight of [federal appellate] authority . . . supports the principle that an intervenor can continue to litigate after dismissal of the party who originated the action.").[3] Thus, the United States' voluntary dismissal under Rule 41(a)(1)(A)(i) was proper.

Indeed, in the procedurally analogous case *Corcon, Inc. v. Delaware River Port Authority*, the court rejected intervenor-plaintiffs' argument that the plaintiff should be barred

---

[2] It is somewhat odd to even speak of the United States dismissing an action as to Intervenor-Plaintiffs since the United States does not have any claims against Intervenor-Plaintiffs and, indeed, its pleading nowhere even mentions Intervenor-Plaintiffs.

[3] *Accord Benavidez v. March Fong EU, Sec. of the State of Cal.*, 34 F.3d 825, 830 (9th Cir. 1994) (same); *Indus. Comms. and Elecs., Inc. v. Town of Alton, NH.*, 646 F. 3d 76, 79 (1st Cir. 2011) ("As a majority of circuits have held, often an intervenor can continue to litigate after dismissal of the party who originated the action, . . . but the intervenor's ability to do so is contingent upon a showing by the intervenor that he fulfills the requirements of Art. III." (internal quotation marks omitted)).

from voluntarily dismissing under Rule 41(a)(1)(A)(i).  *See* 2021 WL 4060649, at \*1 (D.N.J.

2021).  There, the defendant had not served an answer or motion for summary judgment.  *Id.*

The plaintiff-intervenor nevertheless argued that the court should "not permit" the plaintiff to

voluntarily dismiss its action under Rule 41(a)(1)(A)(i).  *Id.*  The plaintiff-intervenor asserted

that the court "should construe the extensive proceedings to date"—including "requests for

injunctive relief"—"as the equivalent of an answer or motion for summary judgment," thus

precluding a voluntary dismissal under Rule 41(a)(1)(A)(i).  *Id.*

Spurning the intervenor-plaintiffs' argument, the court found that Rule 41(a)(1)(A)(i)

"explicitly permit[ted]" the plaintiff to voluntarily dismiss its case "without this Court's

intervention."  *Id.* at 2.  The court also determined that it had "no reason or mechanism for

precluding" plaintiff from dismissing under this provision given the case's posture.  *Id.*

As in *Corcon, Inc.*, it is immaterial for purposes of the United States' Rule 41(a)(1)(A)(i)

voluntary dismissal that Intervenor-Plaintiffs have served a summary judgment motion seeking

injunctive relief because they are not an "opposing party" with respect to the United States.

### 2. Old, Out-of-Circuit Caselaw that Unduly Limits Rule 41(a)(1) Voluntary Dismissals and Conflicts with Third Circuit Precedent Must be Rejected

In one old, outlier case, a district court held that a plaintiff could not voluntarily dismiss

its action under Rule 41(a)(1) when his co-plaintiffs did not also join his notice of dismissal.  *See*

*Robertson v. Limestone Mfg. Co.*, 20 F.R.D. 365, 372 (W.D.S.C. 1957).[4]  But *Robertson*'s

reasoning is faulty and at odds with in-circuit authority.  It should be rejected.

---

[4] This federal judicial district merged with others in the state to form the District of South
Carolina in 1965.  *See* FEDERAL JUDICIAL CENTER, U.S. District Courts for the Districts of South
Carolina: Succession Charts, https://www.fjc.gov/history/courts/us-district-courts-districts-south-
carolina-succession-charts (citing 79 Stat. 951).

To begin, *Robertson* is distinguishable.  Unlike this case, which involves a plaintiff and intervenor-plaintiffs that necessarily filed separate pleadings, *Robertson* concerned co-plaintiffs who all joined in the same complaint.  Thus, whereas the United States has only dismissed its complaint and not intervenor-plaintiffs', the plaintiff in *Roberston* who filed the Rule 41(a)(1) notice of dismissal sought to dismiss claims within the same pleading that his co-plaintiffs filed.  In other words, unlike the United States here, the plaintiff in *Robertson* sought to dismiss part of a larger action.  So, even if *Robertson*'s reasoning were credited—which it should not be—this Court should not apply it here.

More fundamentally, *Roberston* is wrong because it relied on caselaw that has long-since been repudiated and clashes with Third Circuit precedent.  *Robertson* cited the Second Circuit's decision in *Harvey Aluminum v. American Cynanamid Co.*, 203 F.2d 105 (2d Cir. 1953), for the proposition that Rule 41(a)(1) voluntary dismissals are invalid when—as in *Harvey Aluminum* and *Robertson*—a motion for a preliminary injunction has been heard, even though no answer or motion for summary judgment has been filed by an opposing party.  *Id.* at 372.  But this limitation on Rule 41(a)(1) conflicts with the plain language of the Rule and has been rejected by the Third Circuit.  *See Manze*, 817 F.2d at 1065-66 & n.4.

*Robertson* also cited *Harvey Aluminum*'s holding that Rule 41(a) authorizes a plaintiff to dismiss only "the entire action and . . . could not be used for dismissal of a claim against individual defendants."  *Robertson*, 20 F.R.D. at 373.  *Harvey Aluminum* thought this was so because Rule 41 speaks of "an 'action' not a 'claim,'" stating that an 'action' refers to "the entire controversy, whereas 'claim' refers to what has traditionally been termed 'cause of action.'"  203 F.2d at 108.  *Robertson* then applied *Harvey Aluminum*'s holding—that Rule 41(a)(1) prohibits dismissals of less than all defendants—to the "converse situation . . . where an individual

plaintiff . . . seek[s] the dismissal of his claim" but other plaintiffs do not. *Id.  Robertson* thus barred the individual plaintiff there from dismissing his case under Rule 41(a)(1).

*Harvey Aluminum*'s—and by extension, *Robertson*'s—cabining of Rule 41(a)(1) is mistaken. *Harvey Aluminum*, as the Second Circuit itself later acknowledged, "has not been well received" as "subsequent cases have almost uniformly either distinguished . . . or forthrightly rejected it as poorly reasoned." *Thorp v. Scarne*, 599 F.2d 1169, 1175 (2d Cir. 1979).  It does not reflect "the sounder view" of Rule 41(a)(1), Wright & Miller § 2362, is contrary to "the weight of judicial authority," *id.*, and, most importantly, conflicts with Third Circuit authority, *see Noga*, 19 F.4th at 271 n.3; *Manze*, 817 F.2d at 1065-66 & n.4.  *Harvey Aluminum* has aged poorly.  It—and *Robertson*, which rests on its shaky foundation—must be rejected.

Only an overly formalistic focus on the word "action" could bar the United States from having validly dismissed its action under Rule 41(a)(1)(A)(i).  But as a leading treatise on federal procedure notes, such a "highly literal reading of one word" in Rule 41(a) would "artificial[ly]" limit it.  Wright & Miller § 2362.  Unsurprisingly, that reading of Rule 41(a) has been eschewed by most courts and is precluded by binding Third Circuit precedent.

In sum, the United States' notice of voluntary dismissal of its action against Inhance complied with the requirements of Rule 41(a)(1)(A)(i), and its automatic effect is to dismiss the United States' action "without prejudice."  Fed. R. Civ. P. 41(a)(1)(B); *see also Polansky v. Exec. Health Res. Inc*, 17 F.4th 376, 389 (3d Cir. 2021).

### B.  The United States Does Not Take a Position on Whether This Case May Proceed in its Absence

Last, the United States does not take a position on whether any action by the Intervenor-Plaintiffs' may proceed following the government's dismissal of its action against Inhance.  But this issue is now moot as the Intervenor-Plaintiffs' have validly dismissed their action under Rule

41(a)(1)(A)(i).  *See* DI 101 (Intervenor-Plaintiffs' Notice of Voluntary Dismissal).  Because the United States and Intervenor-Plaintiffs have now both dismissed their cases without prejudice by filing self-executing notices of dismissal, this case is concluded without need for any court order.

However, if the Court determines that there remains a live action with respect to Intervenor-Plaintiffs' claims against Inhance, the United States observes that the Court has an independent and continuing obligation to assure itself of its subject-matter jurisdiction before it may entertain the merits of the Intervenor-Plaintiffs' case.  *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 340 (2006).  This includes determining whether Intervenor-Plaintiffs have established Article III standing.  *See id.* at 340, 356 ("Because plaintiffs have no standing . . .  the lower courts erred by considering their claims . . . on the merits.").  Because Intervenor-Plaintiffs are "[t]he party invoking federal jurisdiction," they "bear the burden of establishing" the elements of standing "with the manner and degree of evidence required at the successive stages of the litigation."  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *see also Aldossari on Behalf of Aldossari v. Ripp*, 49 F.4th 236, 262 (3d Cir. 2022) ("'Dismissal for lack of standing,' by contrast, 'reflects a lack of jurisdiction' rather than a view on the merits, 'so dismissal of [plaintiff's] complaint should have been without prejudice.'" (quoting *Thorne v. Pep Boys Manny Moe & Jack Inc.*, 980 F.3d 879, 896 (3d Cir. 2020)).

## Conclusion

The United States' notice of voluntary dismissal is effective and automatically dismissed without prejudice its action against Inhance, without a court order.

Respectfully submitted,

Date: May 17, 2024                **FOR THE UNITED STATES OF AMERICA**

**TODD KIM**
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice


*/s/ Richard Gladstein*
**RICHARD GLADSTEIN**, D.C. Bar #362404
Senior Counsel
**JONAH SELIGMAN**, La. Bar #38890
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611
(202) 514-1711
Richard.Gladstein@usdoj.gov
Jonah.Seligman@usdoj.gov

**JACQUELINE C. ROMERO**
United States Attorney
Eastern District of Pennsylvania

**GREGORY B. DAVID**
Chief, Civil Division

**ERIN E. LINDGREN**
Assistant United States Attorney
Office of United States Attorney 615 Chestnut Street, #1250
Philadelphia, Pennsylvania 19106
Erin.Lindgren@usdoj.gov

Of Counsel:
**N. LINSDAY SIMMONS**
**ALEXANDER DERGARABEDIAN**
Attorney-Advisors
Chemical Risk and Reporting Enforcement Branch
Waste and Chemical Enforcement Division | Office of Civil Enforcement, OECA
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., N.W.
Washington, D.C
(202) 564-3223
Simmons.Lindsay@epa.gov
Dergarabedian.Alexander@epa.gov

## <u>CERTIFICATE OF SERVICE</u>

The foregoing notice has been filed electronically using the ECF system and is available for viewing and downloading from the ECF system.  Counsel for the Plaintiff also has served by email an electronic copy of this notice on counsel for Defendant and counsel for Intervenor-Plaintiffs Center for Environmental Health, Public Employees for Environmental Responsibility, and Mr. Jay De La Rosa.

DATE: May 17, 2024                          _/s/ Richard Gladstein_
                                            RICHARD GLADSTEIN